### DE LA VERGNE v. EVERTSON AND OTHERS.

A payment on a judgment discharges the lien on the land to the extent of the payment; and the lien cannot be restored by any subsequent agreement between the parties.

As between different creditors, equality is equity.

And where there are several judgment creditors, and the land is sold under a prior mortgage, the holder of the eldest judgment, as against the others, has no greater lien upon the surplus moneys than he had upon the equity of redemption before the sale.

If the judgment creditors are equitably entitled to interest as against the debtor, but have no right to collect on their executions against the land, the principal of their judgments must be first paid out of the fund according to their priority, and if any thing remains, it can be applied to the payment of the interest on the several judgments ratably.

No decree will be made for the distribution of a fund in court, unless all the parties interested in the fund are brought before the court.

Where a bill is unnecessarily filed without the direction of the court, in a case where the relief prayed for might have been obtained by petition, the complainant will not be entitled to costs.

So where the defendant in his answer sets up an unfounded claim, costs will in most cases be denied him.

[*182]

August 29th.

*THE bill in this cause was filed by one of the defendants to a suit of foreclosure, against a co-defendant and others, claiming a part of the surplus moneys arising from a sale of the mortgaged premises. It was heard on exceptions to the report of a master.

*J. Brush*, for complainant.

*J. Tallmadge*, for defendants.

THE CHANCELLOR:—Three hundred dollars having been paid by John De La Vergne on the judgment to Tabor, the

lien on the land was discharged to that extent, and could not be restored by any subsequent agreement between the parties. (*Marvin* v. *Vedder*, 5 Cowen, 671.) The master has properly deducted that sum from the judgment lien upon the land. The assignee of the judgment can have no better equity as against third persons than Tabor had before the assignment.

Previous to the act of the 13th April, 1813, the plaintiff could not levy interest on a judgment, except it was on a penalty, and the amount ordered to be levied, including the interest, was within the penal sum. In *Watson* v. *Fuller*, (6 John. R. 283,) the Supreme Court decided, even where a judgment was reduced by payments, that the plaintiff could not levy interest, although within the nominal amount of the original judgment. And in *Mason* v. *Sudam*, (2 John. Ch. Rep. 172,) Chancellor Kent held that a judgment recovered previous to April, 1813, was not a lien on mortgaged premises for the interest, as it could not be levied under an execution.

As between different creditors, equality is equity; and if there are several judgment creditors, and the land is sold under a prior mortgage, the holder of the first judgment, as against the others, has no greater lien upon the surplus moneys than he had upon the equity of redemption before the sale. If the judgment creditors are equitably entitled to interest as against the debtor, but have no right to levy it on their executions against the land, the principal of their judgments must be paid out of the fund according to their order of priority; then if any thing remains, it may be applied to the payment of interest on the several judgments ratably. The *master was therefore right in not casting interest on the Tabor judgment previous to the sale under the mortgage.

[*183]

The complainant has unnecessarily filed a bill in this cause without the direction of the court, when he might have settled these questions by a petition in the original suit for an equitable distribution of the surplus moneys:

he is, therefore, not entitled to costs. Evertson having set up an unfounded claim to the whole amount of the Tabor judgment and the interest, is equally in fault.

As the assignee of the Schuyler judgment is not before the court, no decree can be made in this cause for the distribution of the fund. The bill ought therefore to be dismissed without prejudice to the rights of the parties to petition in the original suit, for an equitable distribution of the surplus. But as the parties have expressed a wish that their rights might be decided in this suit as between themselves, there must be a decree confirming the report of the master and declaring the rights of the parties on the principles above stated, and without prejudice to the rights of the owner of the Schuyler judgment. And leaving them to apply by petition for the surplus moneys, agreeably to their rights as thus declared, when the claim of the other party in interest can be examined and settled.