GIST, Defendant in Error, v. EUBANK, Plaintiff in Error.

1. The act concerning practice in the revised code of 1855 does not authorize a finding of the facts by the court in cases tried by the court without a jury; findings of the facts will therefore be disregarded by the supreme court in cases arising since the revised code of 1855 went into effect.
2. A petition seeking to enforce a contract concerning land is not rendered defective by reason of an omission to state therein that the contract is in writing; if the defendant rely upon the statute of frauds, he must set it up in his answer as a defence.

*Error to Moniteau Circuit Court.*

*Parsons,* for plaintiff in error.

I. The petition does not allege that the contract between plaintiff and defendant was in writing. (22 Mo. 334; Statute of Frauds.) It does not allege that plaintiff took possession of the land with the consent of defendant, nor that he made lasting and valuable improvements. There was nothing to take the case out of the statute. (2 Mo. 126; 20 Mo. 86.) The finding of the facts does not warrant the judgment.

EWING, Judge, delivered the opinion of the court.

This action was begun under the practice act now in force, which does not authorize the finding of facts by the court, as the act of 1849 did. The finding, therefore, will be dis-

regarded; and, as none of the evidence is preserved by the bill of exceptions, the only question for our determination is as to the sufficiency of the petition. In deciding this point, it is unnecessary to consider whether the facts and circumstances alleged in the petition show such a part performance as—supposing the contract not in writing—would be sufficient to take the case out of the statute of frauds and perjuries. Although a petition for the specific performance of a contract respecting real estate omits to state that the contract is in writing, and it does not appear from any of the allegations of the bill that it is not, yet it will be presumed to be a legal and valid contract until the contrary appear, and the petition will not be demurrable; and in such case, if the defendant rely upon the statute of frauds, he must make that defence by answer. (Wildbohn v. Robidoux, 11 Mo. 660; Cozine v. Graham and Baker, 1 Paige, 182.)

The petition alleges the purchase of the land in controversy by the plaintiff and defendant Eubanks as partnership property from the defendant Morris, the payment of three of the four hundred dollars of the purchase money out of the partnership funds, and the execution of their joint note to Morris for the balance; that by a subsequent agreement the three hundred dollars so paid for the land was charged to plaintiffs in the settlement of their partnership affairs, and he became responsible to Morris for the remaining one hundred, and that Morris was to execute a conveyance to plaintiff alone. It is also alleged that the partnership affairs are settled, and that plaintiff has performed his part of the agreement; but that the defendant Eubanks forbids Morris from executing the conveyance according to the agreement. Whether the contract or agreement was in writing does not appear; and as, according to the rules of pleading already stated, it was not necessary that this averment should have been made, the demurrer was properly overruled. It is true some facts are set forth in the petition which, supposing the contract to be in writing, would be mere surplusage, and may have been relied on by the pleader to take the case out of

the statute, yet, inasmuch as the contract is set forth without qualification showing whether it is oral or in writing, we are not authorized, against the legal presumption in such cases, to infer it to have been the former, for the reason that the petition contains certain allegations appropriate only to the case of an oral agreement. The other judges concurring, the judgment will be affirmed.