STATE OF MISSOURI AT THE RELATION OF MARY FRANCES REALTY COMPANY, Petitioner, v. HON. WILLIAM B. HOMER, Judge, etc., Respondent.

St. Louis Court of Appeals, July 12, 1910.

1. JUSTICES' COURTS: Jurisdiction: Suit for Breach of Covenant of Warranty. Title to real estate is necessarily involved in an action for damages for breach of a covenant of warranty of title to real estate, and hence a justice of the peace has no jurisdiction of such an action.

2. MANDAMUS: Subjects of Relief. When no other adequate remedy at law exists, a court of superior jurisdiction may, by mandamus, compel an inferior tribunal to exercise its jurisdiction, if it wholly refuses to proceed.

3. ———: Discretionary Writ: Existence of Other Adequate Remedy. A writ of mandamus is not one of right, but on the contrary its issue is discretionary with the court to which the application is made, and it should never be allowed when another adequate remedy at law in simpler form may be pursued to rectify the identical grievance complained of. However, where it appears, the relator has a clear legal right and no other adequate remedy at law exists, mandamus should be granted.

4. ———: ———: ———. Where a complete remedy may be had by appeal, writ of error, or certiorari, mandamus will not lie.

5. APPEALS: Judgments: Final Judgment: Dismissing Case. When the court exhausts its jurisdiction by effectually disposing of the case finally, as by dismissing it from its status as a cause pending, the judgment is final in the sense authorizing an appeal.

6. MANDAMUS: Other Adequate Remedy: Appeals: Final Judgment: Dismissing Case. A judgment of the circuit court dismissing a case transferred to it from a justice's court as in-

volving title to real estate and refusing to exercise jurisdiction with respect thereto is a final judgment and is appealable under Section 806, Revised Statutes 1899, and hence mandamus will not lie to compel a reinstatement of the case.

Original Proceeding by Mandamus.

WRIT QUASHED.

, *Glendy B. Arnold* for petitioner.

(1) Mandamus is the proper remedy. State ex rel. v. Grimm, 220 Mo. 489. (2) The case was properly certified by the justice to the circuit court. Sec. 3951, Revised Statutes 1899; Kelly's Justices' Jurisdiction, sec. 81. (3), There is no other adequate remedy accessible to petitioner, there being no final judgment in the case, from which an appeal could be taken. Boggess v. Cox, 48 Mo. 278; Bick v. Umstattd, 137 Mo. App. 270; Cooper Wagon Co. v. Cornell, 131 Mo. App. 344; Lyons and Reesman v. Rollinson, 109 Mo. App. 68; Crockett v. Lewis, 66 Mo. 671; State to use v. Newton, 26 Mo. App. 11; Moran v. Plankington, 53 Mo. 243; Bick v. Seal, 39 Mo. App. 567; Dale v. Wright, 57 Mo. 110; Schmidt v. Halle, 15 Mo. App. 36; Bob v. Graham, 15 Mo. App. 295; Akins v. Hicks, 77 S. W. 86.

*Edward W. Foristel* for respondent.

(1) Suit for breach of covenant of warranty involves title to real estate. Bidwell v. Loan & Investment Co., 76 Mo. 321; Patterson v. Yancey, 81 Mo. 380; Suser v. Southwick, 67 Mo. App. 671; Coleman v. Clark, 80 Mo. App. 342. (2) A justice cannot certify unless he primarily had jurisdiction. Westport ex rel. v. Hauk, 92 Mo. App. 368; Anselm v. Graby, 26 Mo. App. 126.

NORTONI, J.—This is an original proceeding in mandamus instituted in this court. An alternative

writ was issued and for return thereto the respondent filed a demurrer on which pleading the matter is to be determined.

It appears the respondent, Hon. William B. Homer, is a judge of the circuit court of the city of St. Louis and presides over Division No. 4 of that court. Having dismissed a case in which relator was plaintiff and Frank C. Deckmeyer was defendant as though the court over which he presided had no jurisdiction to proceed therewith, the present application for mandamus is to the end of requiring respondent as the judge of such court to reinstate the cause for judicial consideration.

It appears relator, as plaintiff therein, instituted its suit for damages in the court of a justice of the peace of the city of St. Louis against Frederick C. Deckmeyer, defendant, on account of an alleged breach of a covenant of warranty for seizin contained in a deed conveying real estate. Due service of summons was had on defendant Deckmeyer therein. Both parties having appeared before the justice on the day set therefor, the trial of the cause proceeded, and upon its conclusion the justice certified the case to the circuit court of the city of St. Louis, under the statute, for the reason that it appeared title to real estate became an issue on the trial before him.

Our statute, section 3951, Revised Statutes of 1899, section 3951, Ann. St. 1906, among other things, provides substantially, if, in any action brought before a justice of the peace, the title to real estate appears to be an issue on the trial, the justice shall make an entry of such fact in his docket and certify the cause, together with all papers and process therein, to the clerk of the circuit court and the cause shall be docketed, and the circuit court shall be possessed of the same and proceed therewith without regard to the amount in controversy or any error in the decision of the justice in certifying the case to said court as if it were originally commenced therein.

Another statute, section 3837, Revised Statutes of
1899, section 3837 Ann. St. 1906, provides that no jus-
tice of the peace shall have jurisdiction to hear or try
any action where the title to any lands shall come in
question and be an issue. Under this latter section, the
courts have declared in numerous cases that an action in
damages for a breach of a covenant of warranty of title
to real estate necessarily involves an issue of title to
lands and for that reason the justice court has no juris-
diction in such actions. [Breadwell v. The Loan & In-
vestment Co., 76 Mo. 321; Patterson v. Yancey, 81 Mo.
379.] It was in view of these statutes and decisions and
under the authority thereof the justice of the peace certi-
fied the suit for damages for a breach of the covenant
of warranty to the circuit court.

After the cause thus reached the circuit court from
the justice of the peace, it was duly assigned to Division
No. 4, over which the respondent, Judge Homer, pre-
sides, and set upon the docket for hearing in due course.

Defendant in that cause thereupon appeared and
moved the circuit court in writing to dismiss plaintiff's
petition on the ground it had no jurisdiction thereof.
As to this matter, it appears from the alternative writ
that such motion was argued on May 12, 1910, and the
court took the same under advisement. Thereafter, on
the 13th day of June, 1910, the court, by an order duly
entered of record, sustained defendant's motion to dis-
miss said cause and by its order then duly entered dis-
missed the complaint in said cause and thereupon refused
to proceed further or to entertain or consider said cause.

It is said the writ of mandamus lies in the circum-
stances of this case for the reason the court had juris-
diction of the suit for a breach of convenant so certified
thereto by the justice of the peace and refused to proceed
therewith. It is not sought to mandamus the circuit
court as to what judgment it shall give on the merits
of that controversy but only to compel it to reinstate
the cause on its docket for consideration. There can

be no doubt of the general proposition that when no other adequate remedy at law exists, a court of superior jurisdiction may compel an inferior tribunal by mandamus to exercise its jurisdiction in a given instance if it wholly refuses to proceed. Such was the case of State ex rel. Union Electric Light & Power Co. v. Grimm, 220 Mo. 483, 119 S. W. 626, relied upon by relator. But that case presented a question entirely different from that which confronts the court in the present instance, for there no other adequate remedy at law existed to the end sought to be attained. The circuit court did not dismiss the case in that instance and thus give a final judgment from which an appeal would lie, but, on the contrary, it did no more than enter an order by which a competent pleading, a demurrer, was stricken from its files without consideration, and the case itself remained pending in the circuit court as before. To the end of requiring the circuit court to exercise its jurisdiction and consider the demurrer which it had stricken from the files, the Supreme Court awarded its writ of mandamus. The ruling of the Supreme Court in that case is not an authority here, however, for the reason the circuit court in the present instance dismissed the relator's cause, which he now seeks to have reinstated, and gave a final judgment therein from which an appeal may be prosecuted.

The writ of mandamus is not one of right but, on the contrary, its issue is discretionary with the court to which the application is made. However, where it appears the relator has a clear legal right and no other adequate remedy at law exists to the end of reviewing and determining the same, the mandamus should go. [19 Am. and Eng. Ency. Law (2 Ed.), 725, 745; State ex rel. Watkins v. Donnell Mfg. Co., 129 Mo. App. 206, 107 S. W. 1112.] The proceeding by mandamus is an extraordinary remedy and, therefore, never allowed when another adequate remedy at law in simpler form may be pursued to the end of

rectifying the identical grievance complained of. . [19 Am. and Eng. Ency. Law (2 Ed.), 245.] On this principle the rule universally obtains that where a complete remedy may be had by means of appeal, writ of error or certiorari, mandamus will not lie. [19 Am. and Eng. Ency. Law (2 Ed.), 745, 750; Williams v. Judge of Cooper Court of Common Pleas, 27 Mo. 225; State ex rel. Carroll v. County Court of Cape Girardeau, 109 Mo. 248, 19 S. W. 23.]

The statute, section 806, Revised Statutes 1899, section 806, An. St. 1906, authorizes an appeal from any final judgment in a case pending in the circuit court. No one can doubt that a judgment of the circuit court dismissing plaintiff's case and refusing to exercise jurisdiction with respect thereto is final within the sense of the statute authorizing an appeal therefrom. When the court exhausts its jurisdiction in respect of a case by effectually disposing of it finally as by dismissing it from its status as a cause pending, the judgment is final in the sense authorizing an appeal. [Wolff v. Vette, 17 Mo. App. 36; 6 Ency. Pl. and Pr. 998; for the principle, see also Gale v. Michie, 47 Mo. 326; State ex rel. v. Dobbin, 54 Mo. 391, 394; Iron Mountain Bank v. Armstrong, 92 Mo. 265, 4 S. W. 720.] Indeed, in this state, a judgment of dismissal for the want of prosecution in some circumstances is regarded as final in the sense authorizing an appeal. However, it seems the rule ought not to be extended beyond the circumstances of the case which established it. See Iron Mountain Bank v. Armstrong, 92 Mo. 265, 4 S. W. 720.

Although the alternative writ recites that relator has no other adequate remedy at law in this instance, it pointedly avers as well the circuit court dismissed the case, which it now seeks to have reinstated by mandamus, on the theory it had no jurisdiction to proceed therewith. It thus conclusively appears that a final judgment was entered therein which exhausted the ju-

risdiction of the court as to the disposition of the particular case involved and therefore relator has an adequate remedy at law by appeal from such judgment. As the extraordinary writ of mandamus should be awarded only when no adequate remedy at law exists, it appears the alternative writ was improvidently issued and should be quashed. It is so ordered. All concur.