# EDUARD MOORMEISTER, Appellant, v. JOHN M. HANNIBAL et al., Respondents.

### St. Louis Court of Appeals, February 3, 1914.

1. **APPELLATE PRACTICE: Appealable Judgment: "Final Judgment."** A judgment that "plaintiff's cause of action herein be and the same is hereby dismissed, and that defendants have and recover of said plaintiff their costs and charges herein expended, and have therefor execution," is a final judgment, within Sec. 2038, R. S. 1909, so as to be appealable, notwithstanding it does not provide that defendants go hence without day.

2. **STATUTE OF FRAUDS: Action on Contract: Pleading.** A verbal contract within the statute of frauds is not void, but merely unenforceable, the statute merely going to the remedy, so that the petition, in an action on a contract, required by the statute to be in writing, need not allege that it is in writing, in order to be sufficiently definite, since the law presumes that the contract declared on is valid until the contrary is shown.

3. **PLEADING: Necessary Allegations.** The code provision (Sec. 1794, R. S. 1909), requiring the petition to plainly state the facts constituting the cause of action, only requires the ultimate facts to be alleged, and does not require plaintiff to plead his evidence.

4. **STATUTE OF FRAUDS: Waiver: Pleading.** Since the statute of frauds only goes to the remedy, it may be waived by defendant, and is waived unless set up by him.

5. **PLEADING: Definiteness and Certainty.** The object of the code provision (Sec. 1815, R. S. 1909), requiring a plaintiff to make his petition more definite and certain, under an order of the court, when it appears to be vague and uncertain, is to enable defendant to be advised to prepare his defense, and does not apply where, in the nature of the thing, defendant must be fully advised concerning the alleged indefinite averments.

6. **STATUTE OF FRAUDS: Action on Contract: Pleading.** If defendant denies the contract sued on, he may make denial in the answer and require plaintiff to prove a contract which satisfies the statute of frauds, but if defendant admits the contract and seeks to avoid its effect under the statute of frauds, he must expressly plead the statute.

Appeal · from St. Louis City Circuit Court.—*Hon. Daniel D. Fisher,* Judge.

REVERSED AND REMANDED.

*John A. Blevins, Joseph W. Jamison* and *Henry E. Haas* for appellant.

(1) It is an elementary principle of code pleading that only the ultimate, or substantive, facts constituting the plaintiff's cause of action should be pleaded and that all evidentiary facts should be excluded. The reason for the rule is said to be that the ultimate fact in issue may be truly stated generally though sustained by other evidence than that anticipated by the pleader. Sec. 1813, R. S. 1909; Pattison on Code Pleading, Secs. 109, 128; Phillips on Code Pleading, Sec. 347; Bliss on Code Pleading, Secs. 140 and 206; Stephen on Pleading (9 Ed.), p. 341; Heard's Civil Pleading, p. 246; Van Hoozer v. Van Hoozer, 18 Mo. App. 19; Butts v. Long, 94 Mo. App. 687; Bragg v. Railway, 192 Mo. 331. (2) Thus, it is settled by the great weight of authority that in an action upon a contract required by the Statute of Frauds to be in writing, it need not be alleged in the petition of complaint that it is in writing, that being matter of proof and not of allegation. 9 Ency. P. & P. 700 *et seq.*; Bliss on Code Pleading, Sec. 354; Browne on Statute of Frauds, (5 Ed.), Sec. 505; Miles v. Jones, 28 Mo. 87; Gist v. Eubank, 29 Mo. 248; Young Men's Christian Assoc. v. Dubach, 82 Mo. 475; Mathews v. Wallace, 104 Mo. App. 96. Moreover, where the contract declared upon is required by the Statute of Frauds to be in writing, and it is not stated to be oral, there is a presumption that it is in writing and it is provided by statute that "neither presumptions of law nor matters of which judicial notice is taken need be stated in pleading." Sec. 1833, R. S. 1909; 20 Cyc., 308; Sharkey v. McDer-

mott, 91 Mo. 647; Stillwell v. Hamm, 97 Mo. 579; Van Idour v. Nelson, 69 Mo. App. 523; Walker v. Cooper, 97 Mo. App. 441; Van Meter v. Poole, 119 Mo. App. 296; Railroad v. Wingerter, 124 Mo. App. 426; Lunt v. Biehl, 159 Mo. App. 361. On the other hand, where the contract declared upon is not required by the Statute of Frauds to be in writing, and there is no presumption that it is in writing, it is immaterial whether the contract is, or is not, in writing, since a general allegation in the petition will be sustained by proof of either a verbal or a written contract. McNees v. Railroad, 22 Mo. App. 224. So, too, where a contract is declared upon, it is sufficient to allege generally that the defendants made the agreement without specifically naming the persons who negotiated or executed it, that being an evidential fact which the plaintiff is not required to plead. See & Bro. v. Cox, 16 Mo. 166; Sanders v. Anderson, 21 Mo. 402; Murphy v. Price, 48 Mo. 250; McNees v. Railroad, 22 Mo. App. 224; Anstee v. Ober, 26 Mo. App. 665; Lowe v. Electric Springs Co., 47 Mo. App. 426; Todd v. Minneapolis & St. L. Railway, 37 Minn. 358. (3) A motion to make the petition more definite and certain is a substitute for a special demurrer at common law and the action of the trial court in sustaining defendants' motion to make the petition more definite and certain was equivalent to sustaining a demurrer, which was error. 6 Ency. Pl. & Pr. 274; 14 Ency. Pl. & Pr. 91 (note); 31 Cyc. 644 and 646; Prindle v. Caruthers, 15 N. Y. 425; Nischke v. Wirth, 66 Wis. 319; Gardner v. Armstrong, 31 Mo. 535; Sherwood v. Saxton, 63 Mo. 78; Phillips v. Hardenburg, 181 Mo. 463; Reed v. Crane, 89 Mo. App. 670; see also cases cited under Point II, par. 2. A motion to make more definite and certain will not lie where the pleading is rendered certain by reason of a presumption which the law authorizes respecting it. 31 Cyc. 646; Burkert v. Bennett, 35 Misc. (N. Y.) 318. Nor will the motion be granted

when the result would be to compel the party to plead or disclose his evidence. 31 Cyc. 647. (4) The ruling of the trial court was in the teeth of the Missouri statute which provides that "no party shall be required to state evidence in his pleading or to disclose therein the means by which he intends to prove his case." As stated by an eminent authority on code pleading— Judge Bliss—bills of discovery are no longer allowable. Sec. 1818, R. S. 1909; 6 Ency. Plead. & Prac. 275, note 4; 31 Cyc. 647; Railroad v. Kenny, 41 Mo. 271; Alcorn v. Railroad, 108 Mo, 92; Financial Co. v. Railroad, 115 Mo. 619; Commonwealth Co. v. Nunn, 17 Colo. App. 117; Todd v. Railroad, 37 Minn. 358; Cantner v. Auerbach, 20 Misc. (N. Y.) 281; Western Union Tel. Co. v. Wilhelm, 48 Neb. 910.

*William Hilkerbaumer* and *Schnurmacher & Rassieur* for respondent.

(1) The judgment from which this appeal was taken was not a final judgment and there is therefore nothing here for this court to review. Akins v. Hicks, 77 S. W. 86; Young v. Stonebreaker, 33 Mo. 117; Beck v. Umstattd, 137 Mo. App. 270; Beck v. Seal, 39 Mo. App. 567; Wagon Co. v. Cornell, 131 Mo. App. 344; Finkelnburg on Appellate Practice (2 Ed.), p. 63. (2) The circuit court did not err in requiring plaintiff to make his petition more definite and certain. Plaintiff pleads a contract without stating whether it was oral or in writing. If the contract pleaded is one which the law requires to be in writing, the legal presumption is it was in writing. The petition, therefore, is good against attack by general demurrer. Nevertheless, defendants, in order to determine how properly to plead, have the right to know whether the contract relied on rests in parol or in writing; and they also have the right to know by whom the contract pleaded was executed on behalf of the defendant cor-

poration. The rule made did not require plaintiff to plead evidence, but only ultimate traversable facts. 31 Cyc, 650; Cockerill v. Stafford, 102 Mo. 57; Atwood v. Rose, 122 Pac. 929; First Presbyterian Church v. Kennedy, 76 N. Y. Supp. 284; Citizens Central National Bank v. Munn, 99 N. Y. Supp. 191; McGehee v. Cooke, 105 N. Y. Supp. 60; Ruebsam v. Transit Co., 108 Mo. App. 437; Macadam v. Scudder, 127 Mo. 345.

NORTONI, J.—This is a suit for damages alleged to have accrued to plaintiff through a breach of contract on the part of defendants. The court sustained defendants' motion and entered an order requiring plaintiff to make his petition more definite and certain. Plaintiff declined to plead further, and thereupon the court entered an order dismissing his cause, giving judgment for costs in favor of defendants, and awarding execution against plaintiff therefor. It is from this judgment plaintiff prosecutes the appeal here.

It is urged the appeal should be dismissed for the reason the judgment is not a final one from which an appeal may be prosecuted, but we art not so persuaded. The statute (Sec. 2038, R. S. 1909) authorizes an appeal by an aggrieved party "from any final judgment in the case." The point made here is that a judgment dismissing plaintiff's cause of action is not a final judgment in the case for the reason it does not finally discharge defendants in directing that they should go hence without day. The argument is exceedingly technical and seems not to reckon with the fact that a judgment dismissing plaintiff's cause of action, if otherwise final in form, may dispose of that particular case though it does not finally conclude the controversy between the parties. Such is the judgment here.

In the instant case, after reciting that plaintiff declined to plead further, the judgment proceeds as

180 App. 46

follows: ''Upon motion of said defendants, it is ordered and adjudged by the court that the plaintiff's cause of action herein be and the same is hereby dismissed, and that the defendants have and recover of said plaintiff, their costs and charges herein expended, and have therefor execution.'' Obviously this judgment finally disposes of the case, for it dismisses plaintiff's cause of action and moreover it taxes the costs against him and in favor of defendants and orders an execution therefor. The case of Bick v. Umstattd, 137 Mo. App. 270, 117 S. W. 642, is to be distinguished in the form of the judgment, for there the court merely ordered the cause dismissed without the taxation of costs or awarding execution. Not so here, for the court determined the whole matter then within the purview of the order to be made, by dismissing the case, taxing the costs against plaintiff, and ordering execution in favor of defendants therefor. It would have been error in such circumstances to finally discharge defendants as without day for the reason that the controversy remained open and the instant case only was dismissed. There can be no doubt that a judgment dismissing plaintiff's cause of action, taxing costs against him, and awarding the process of the court in the writ of execution for the collection of such costs is a final determination of that particular case, though it may not be a final determination of the controversy between the parties. [See Kansas City Cable Ry. Co. v. Kansas City, 29 Mo. App. 89, 96; Iron Mountain Bank v. Armstrong, 92 Mo. 265, 4 S. W. 720; Wiethaupt v. St. Louis, 158 Mo. 655, 59 S. W. 960; 2 Enc. Pl. & Pr. 103; 2 Cyc. 593; Freeman on Judgments (4 Ed.), sec. 16.] In the following cases it appears that plaintiff refused to plead further and the court dismissed the cause of action, as here, for that reason, taxing the costs against plaintiff. In each instance the Supreme Court declared the judgment so entered to be final in the particular

case in the sense contemplated by the statute authorizing an appeal from any final judgment in the case. [See Bowie v. Kansas City, 51 Mo. 454; O'Connor v. Koch, 56 Mo. 253; Moody v. Deutsch, 85 Mo. 237, 244.]

The defendants are a number of individuals and the Mound City Brewing Association, a corporation, all jointly sued. Plaintiff alleges in his petition, substantially, that on or about the twentieth day of February, 1911, the natural persons named in the petition as individual defendants proposed to organize and did organize a fifty thousand dollar corporation to engage in the general business of brewing and to operate a brewery for the manufacture and sale of beer; that plaintiff was and for a long time prior to said day had been a brewmaster and was possessed of special knowledge and skill as to all matters appertaining to the manufacture of beer and as to the machinery, appliances and processes incident to that business. The petition further alleges the ultimate fact that the ''said individual defendants, desiring to secure the services of plaintiff as general manager and brewmaster, on said date, to-wit the twentieth day of February, 1911, contracted and agreed with plaintiff for his employment by them for a period of one year, at a monthly salary of $175, to be paid monthly, plaintiff's employment and salary to date from the first day of February, 1911, and to end on the first day of February, 1912.''

It is further alleged in the petition that, as a part of the consideration for the agreement so made as aforesaid, it was further agreed by plaintiff and said individual defendants on said date, to-wit, the twentieth day of February, 1911, that when said defendants should obtain a charter for their proposed corporation, defendants would cause and procure said corporation to make and enter into a contract with plaintiff for his employment as brewmaster and general manager for said business for a further term of

four years at an increased salary, to be agreed upon from time to time at the end of each year. Plaintiff further alleged the incorporation of the defendant Mound City Brewing Association; that he performed services for the defendants under the contract, and was ready, willing and able to perform his part of the contract, but that the defendants abandoned their project and refused to pay plaintiff anything and refused to procure the corporation to enter into a valid and binding contract with him as they had agreed. Because of this breach, plaintiff prays damages in the sum of $5000.

Defendants moved the court for a rule on plaintiff requiring him to make his petition more definite and certain by disclosing whether the contract declared upon was verbal or in writing and if in writing by whom it was signed. This motion the court sustained and entered an order requiring plaintiff to make his petition more definite and certain by setting forth the fact as to whether or not the contract declared upon was verbal or in writing and if in writing by whom it was signed on the part of defendants. Plaintiff declined to re-form his petition and the court dismissed the case on defendants' motion because of that fact.

· It is entirely clear that the petition stated a cause of action and was sufficiently definite with respect to the averments touching the contract sued upon. Though it be the motion to make more definite and certain performs the office of a special demurrer, the court should have overruled it because plaintiff is not required to plead and set forth his evidence. Though a verbal contract is unenforceable by the terms of the statute, it is not void for that reason. Instead of acting upon the contract itself, the Statute of Frauds pertains rather to the remedy and treats with the evidence by which the contract is to be established in order to render it enforceable. [Browne,

Statute of Frauds (5 Ed.), sec. 135.] In this view, it is well settled that in an action on a contract, required by the Statute of Frauds to be in writing, it need not be alleged in the petition that it is in writing, for that is a matter of proof and not of averment. In other words, it suffices to declare upon a contract and the law presumes it to be a valid one until the contrary is made to appear. [See Browne, Statute of Frauds (5 Ed.), sec. 505; Miles v. Jones, 28 Mo. 87; Gist v. Eubank, 29 Mo. 248; Cape Girardeau, etc. R. Co. v. Wingerter, 124 Mo. App. 426, 101 S. W. 1113; Sharkey v. McDermott, 91 Mo. 647, 4 S. W. 107, 9 Enc. Pl. & Pr. 700 et seq.] It is certain that plaintiff is not to plead his evidence, and the code provision requiring a plain statement of the facts constituting a cause of action intends no more than to require the setting forth of the ultimate facts to be established through proof at the trial. [Bliss, Code Pleading (3 Ed.), secs. 140, 206; Pattison, Code Pleading (2 Ed.), sec. 127.] Therefore, plaintiff satisfied the requirements of proper pleading when he set forth the ultimate fact of a contract between himself and defendants, described its terms, and alleged the breach. The law presumes the contract to be a valid one, and it is obviously not essential to do more by the pleading than give rise to a valid legal presumption, which appears to entitle the party prima facie to the relief prayed.

The Statute of Frauds, relating as it does to the remedy only and merely requiring the contract to be evidenced in writing, may be waived by defendants. [See Browne, Statute of Frauds (5 Ed.), sec. 135.] Indeed, it is waived unless availed of in some way in defense of the action. If defendants deny the contract, then it suffices to say so in the answer and put plaintiff on such proof as will satisfy the statute. On the other hand, if defendant admits the contract, but seeks to avoid it for the reason it is not in writing, then the statute is to be expressly pleaded to that end.

[See Phillips v. Hardenburg, 181 Mo. 463, 80 S. W. 891; Schmidt v. Rozier, 121 Mo. App. 306, 98 S. W. 791.] The code provision requiring a plaintiff to make his petition more definite and certain, under an order of the court, when it appears to be vague and uncertain is without influence here whatever, for that the petition is neither vague nor uncertain touching this matter. The spirit of the code provision involves the idea that a defendant may have the petition made more definite and certain to the end that he may be better advised to prepare his defense. Obviously the principle avails nothing here, for defendants knew that plaintiff averred they had entered into a valid contract with him. If such were not true, it was for them to deny it and put him upon the proof which the statute required. On the other hand, if they had contracted with plaintiff and it was verbally done, then the answer should admit the fact and avoid its consequences through invoking the statute. Defendants rely upon the case of First Presbyterian Church v. Kennedy, 76 N. Y. Suppl. 284, where it is remarked the court properly required plaintiff to make his petition more definite and certain in order that defendant might be advised as to whether the contract was in writing and complied with the Statute of Frauds. The question seems not to have been much considered in that case as it was disposed of in three lines of the opinion. We believe the court in that case misconceived the policy of the statute; which goes to the remedy only, and treated with the question as though it acted upon the contract by rendering it void. Whether it did or not, we find ourselves unable to share the view there expressed, for it is certainly sufficient to set forth the ultimate facts in a petition which gave rise to the legal presumption of a valid contract. Such is the view of the Kansas City Court of Appeals in a case precisely in point here, and we

accept it as sound. [See McNees v. Mo. Pac. R. Co., 22 Mo. App. 224.]

The judgment should be reversed and the cause remanded. It is so ordered. *Reynolds, P. J.,* and *Allen, J.,* concur.

