RICHARDS BRICK COMPANY, A CORPORATION, (PLAINTIFF) APPELLANT, v. E. H. WRIGHT ET AL., (DEFENDANTS) RESPONDENT.—82 S. W. (2d) 274.

St. Louis Court of Appeals.   Opinion filed May 7, 1935.

*Greensfelder & Grand* and *Alan R. Klobasa* for appellant.

948

*Carter & Jones* and *Oliver F. Erbs* for respondent E. H. Wright.

· BENNICK, C.—This is an appeal by the plaintiff, Richards Brick Company, from the judgment and decision of the Circuit Court of St. Louis County dismissing a mechanic's lien suit upon the ground of the pendency in the court of a previously instituted equitable mechanic's lien suit involving claims against the same property, and so prohibitive of the maintenance of the instant suit.

Suit was instituted on February 19, 1932, the petition alleging, in substance, that plaintiff, as materialman, had entered into a contract with defendant E. H. Wright, as general contractor with the owners of the real estate described in the petition, for the furnishing of the bricks to be used in erecting the improvement upon the property.

The petition contained the usual allegations for a mechanic's lien suit, including allegations regarding the execution, delivery and recording of two deeds of trust against the property subsequent to the making of the contract between plaintiff and Wright and the

furnishing by plaintiff of the first item of materials thereunder, and the prayer was that personal judgment be rendered against defendant Wright in the sum of $346.40, with interest from the date of demand; that the amount of said judgment, with costs, be adjudged a mechanic's lien against the building, appurtenances, improvements, and land, and a prior and superior lien to the lien of the deeds of trust; and that special execution issue against the land and improvements if insufficient property of defendant Wright was found to satisfy the judgment and costs.

In accordance with the rules of practice prevailing in the court, the suit, following its institution, was duly assigned to Division No. 4, wherein all subsequent proceedings in the case were had.

On April 30, 1932, during the January, 1932, term, defendant Wright filed in court the following motion in the cause:

"Comes now defendant E. H. Wright in the above-entitled cause and moves the Court to dismiss this suit for the reason that prior to the institution of plaintiff's suit, an equitable mechanic's lien suit was brought under the Revised Statutes of Missouri, 1929, by the Boeckeler Lumber Company, which case is numbered 88,912 and is pending in Division No. 4 of this Honorable Court, styled Boeckeler Lumber Company, a corporation, et al. v. F. S. Kibler et al., and that because of the filing of said equitable suit prior to the time plaintiff's suit was instituted, plaintiff has no right to mantain this case against this defendant or any other defendant.

"Wherefore, defendant E. H. Wright prays that plaintiff's petition be dismissed at plaintiff's costs."

Originally the motion was one merely to stay proceedings in the cause, but subsequently defendant Wright obtained leave of court to amend his motion so as to make it one for the dismissal of the cause.

Thereafter, on June 22, 1932, defendants Mercantile-Commerce Bank & Trust Company and Public Service Savings & Loan Association filed their answers to the petition, the same being but incidentally, if at all, of importance upon the issues involved in this appeal.

On August 20, 1932, plaintiff filed in the cause its motion alleging, in substance, that since the institution of the cause, there had been filed in court the equitable mechanic's lien suit of Boeckeler Lumber Company v. Kibler, No. 88,912, involving the same property as does this action, and that it had been made a party to said suit, and had filed its answer and cross-bill therein. The prayer of its motion was that the instant suit be merged with and be made a part of the Boeckeler Lumber Company suit so shown to be pending in the same court and division.

It will be observed that the parties were in disagreement in their

respective motions over the matter of whether the Boeckeler Lumber Company suit, or the instant suit, had been first instituted or commenced. No evidence was heard by the court in support of either motion, but in point of fact, aside from any question of the timely issuance of process, it would seem that the petition in the Boeckeler Lumber Company case was filed prior to the filing of the petition in the instant case, both parties conceding that the former suit bore number 88,912, while from the transcript filed in this court it appears that this case bore number 89,116 in the lower court. Indeed there is no controversy in this court over the matter of the sequence in the filing of the petitions, the dispute going rather to the question of the sufficiency of the showing made that the Boeckeler Lumber Company suit had been timely "commenced" within the contemplation of the mechanic's lien statute (Sec. 3187, Revised Statutes 1929; Mo. St. Ann., sec. 3187, p. 5015), which specifically deals with the subject of what shall be deemed to be the commencement of such a proceeding, and provides a period of limitation for the same.

On November 7, 1932, during the September, 1932, term, the court overruled plaintiff's motion to merge this cause with the Boeckeler Lumber Company case, from which order no appeal was ever taken. Thereupon, on the same day, defendant Wright's motion to dismiss was taken up and considered by the court, resulting in the entry of an order sustaining the motion and dismissing the cause at the costs of plaintiff. This is the order involved on this appeal, as we shall presently show.

On November 10, 1932, during the same term and within four days after the entry of the court's order, plaintiff filed what it denominated a motion to set aside the order dismissing the cause, assigning as reasons therefor the conventional grounds of a motion for a new trial in the ordinary case involving a similar procedure. Subsequent proceedings were had so as to preserve the matter in the breast of the court until September 11, 1933, during the May, 1933, term, when plaintiff's motion to set aside the order dismissing the cause was finally overruled. Plaintiff's appeal followed within the term, with proceedings subsequently had in this court by *certiorari* on suggestion of diminution of record (Sec. 1032, Revised Statutes 1929; Mo. St. Ann., sec. 1032, p. 1325) to correct the lower court's record so as to indicate that the appeal was properly taken.

As a matter of fact, even with the record thus corrected, defendants argue that the order dismissing the cause at plaintiff's costs was nevertheless not a final order or judgment so as to be appealable, and that in any event the appeal was not taken at the judgment term. We think that there is no merit in either suggestion. When the court dismissed the cause at plaintiff's costs and refused to exer-

cise further jurisdiction with respect thereto, it effectually disposed of the case by removing it from its status as a cause pending. Nor was it a mere dismissal as to defendant Wright alone which was had, but instead a dismissal of the cause in its entirety, leaving nothing for determination either as to Wright or as to the other two defendants who had already answered. Conceding that the order did not necessarily purport to be a final determination of the controversy between the parties, it was a final determination of that particular case, exhaustive of the court's jurisdiction therein;. and so it must be held to have constituted a final judgment from which an appeal would lie. [Wolford v. Scarbrough, 224 Mo. App. 137, 21 S. W. (2d) 777; State ex rel. v. Homer, 150 Mo. App. 325, 130 S. W. 510; Moormeister v. Hannibal, 180 Mo. App. 717, 163 S. W. 926; State ex rel. v. Newburg Special Road Dist. (Mo. App.), 217 S. W. 605.]

Plaintiff's motion to set aside the order of dismissal, having been predicated upon the conventional grounds for a new trial, and having been filed at the judgment term and within four days after judgment, is to be treated as having filled the office of a motion for a new trial in so far as it affects our right of review of the case; and it was in fact so treated and considered in the lower court. [Ormsby v. A. B. C. Fireproof Warehouse Co., 221 Mo. App. 779, 288 S. W. 959; Gray v. Nations, 224 Mo. App. 27, 23 S. W. (2d) 1080.] Having been timely filed and thereafter continued from term to term until disposed of, it suspended the finality of the judgment it was overruled at the May, 1933, term; and the appeal taken at that term was therefore timely, the final judgment in legal contemplation not having been entered until the motion to set aside or for a new trial was passed upon. [Doerschuk v. Locke, 330 Mo. 819, 51 S. W. (2d) 62; Reese v. Fife (Mo. Sup.), 279 S. W. 415; Cox v. Frank L. Schaab Stove & Furniture Co., 332 Mo. 492, 58 S. W. (2d) 700.]

And so we pass to a consideration of the merits of the controversy, which has to do, as has already been indicated, with the question of the propriety of the court's dismissal of plaintiff's suit upon the ground of the pendency of a prior equitable suit involving the adjudication of liens upon the same property.

In 1911 (Laws 1911, p. 314), the Legislature made provision for an equitable proceeding for the adjudication in one suit of two or more mechanic's liens sought to be enforced against the same property in whole or in part, said proceeding being expressly made exclusive as to cases coming within its purview, and distinct from the action at law elsewhere provided for in the article on mechanic's liens. In the current revision the said sections of the statutes are known as Sections 3180-3187, Revised Statutes 1929 (Mo. St. Ann.,

secs. 3180-3187, pp. 5008-5015), the latter section, which provides a period of limitation for the commencement of such suits, having been added in 1913 (Laws 1913, p. 409.)

Section 3180 provides for such an equitable suit for the adjudication in the one proceeding of any and all liens and the determination of the rights of all interested parties, the suit, when brought by a lien claimant, to be brought as elsewhere provided after the lien statement has been filed in the office of the clerk of the court, which means, of course, that it shall be commenced within ninety days after the filing of the lien.

Section 3181 provides that all persons claiming any lien or encumbrance upon the property, and all persons having any rights in or against it, and all owners and lessees of any or all of the property to be affected, where their liens, claims, or rights are disclosed by the proper public records, shall be made parties to the action. If at the commencement of the suit any person whose rights are so disclosed by the record is omitted as a party, he may thereafter be made a party to the suit, either upon his own motion, or upon motion of any other party to the suit, or by the court of its own motion. It is further provided that any person or lien claimant of the character heretofore mentioned, whose rights are not disclosed by the proper record at the time of the institution of the suit, shall nevertheless be bound by the proceedings, orders, and judgment in the suit, saving that any such person may be made a party to the suit at any time before final disposition by final judgment of the proceeds of the property (assuming, we would think, that the enforcement of his lien is not then barred by limitation of time), and thereafter be entitled to participate in the proceeds of the sale according to his respective rights.

Section 3182 provides that such equitable suit shall not apply to instances in which there is only one mechanic's lien claimed against all or any of the property, but that in such an instance the court shall determine the respective priorities as between such mechanic's lien and any other lien or encumbrance, and enforce the same accordingly.

Section 3183 provides that when such equitable suit is brought, all other suits that may have been theretofore brought on any mechanic's lien claim or demand shall be stayed and not further prosecuted, the parties therein being made parties to such equitable suit; and that after the institution of such equitable suit no separate suit shall be thereafter brought upon any mechanic's lien or claim against all or any of the property, but the rights of all parties shall be adjudicated and enforced in such one equitable suit. Incidentally, it was perforce of this particular section that the lower court concluded that defendant Wright's motion to dismiss should be sustained.

In somewhat the same general connection Section 3186 provides that after such equitable suit is commenced, the same shall be exclusive of all other remedies for the enforcement of mechanic's liens, but that until such suit is brought, the other remedies provided for in the article shall remain and exist. The section further states that the procedure in any such equitable suit, except as otherwise provided in the article, shall be governed by the law and rules of procedure in civil actions generally.

Section 3187, the limitation statute, provides that after the institution and during the pendency of such equitable suit, a mechanic's lien claimant commences the prosecution of his own claim in timely fashion so as to avoid the bar of the statute if he either pleads or answers, or enters his appearance followed by pleading in due course, in the equitable suit within ninety days after the filing of his lien statement in the proper office; or if he pleads or answers in such equitable suit at the time required by law on a summons issued in such equitable suit before or within the ninety-day period within which proceedings to enforce his lien must be commenced.

In other words, as we read the statute, a lien claimant commences his own action in time if he is named as a party to the equitable suit, and he pleads or answers at the return term of a summons issued against him in such equitable suit within the period of ninety days in which he has to commence his own action after the filing of his lien statement; but if such equitable suit is pending, and summons has not been issued for him within such ninety-day period, then he must enter his appearance and plead in the equitable suit short of the expiration of his ninety-day period, or else he will be subject to the bar of the statute if it is asserted against him.

So we think the reason for this appeal becomes apparent if, for the sake of clarifying the case, we permit ourselves to surmise to some extent as to what quite obviously must have been the situation present in the lower court.

It appears from the face of plaintiff's petition that its lien statement was filed on November 28, 1931, which means that it had until February 26, 1932, within which to commence its suit or action to enforce its lien. Its suit was filed on February 19, 1932, so the record shows, or well within time; but of course plaintiff could not maintain the same if the Boeckeler Lumber Company case was then pending as an equitable mechanic's lien suit within the contemplation of the statutes just referred to, since in that event plaintiff's exclusive remedy would be by cross-petition in that suit, as the lower court presumably held in dismissing the case. And assuming that the Boeckeler Lumber Company suit was of such equitable character, and was then pending, it is evident that summons must not have been issued therein for plaintiff within its ninety-day period,

nor must it have entered its appearance and pleaded therein within such period, so that it doubtless found itself in the dilemma where it was fearful at least that it could neither separately prosecute its own individual lien suit because of the pendency of the Boeckeler Lumber Company suit, nor could it have its lien adjudicated by cross-petition in that suit as against a proper assertion of the bar of the Statute of Limitations.

We repeat that we are necessarily but surmising as to many of the above facts, inasmuch as the record is silent in regard to everything connected with the two suits except for what appears on the face of plaintiff's petition and the two motions filed in the case. No evidence was heard by the court; and for that very reason plaintiff now argues with much insistence that the court's order dismissing the cause was erroneous, even if the matters stated in defendant Wright's motion to dismiss were otherwise sufficient to warrant the relief prayed for, which plaintiff also vigorously disputes.

Now to have warranted the dismissal of plaintiff's suit on motion of defendant Wright, whose conceded duty it was as contractor to defend against the same (Sec. 3177, Revised Statutes 1929; Mo. St. Ann., sec. 3177, p. 5006), it should have been made to appear to the court that the Boeckeler Lumber Company suit, to which the plaintiff herein, as a lienor of record, was concededly named as a party, was an equitable mechanic's lien suit within contemplation of the statutes governing such a proceeding; that it involved the same property as was involved in plaintiff's suit; and that it had been duly brought or commenced prior to the institution of plaintiff's suit. [Badger Lumber & Coal Co. v. Robertson, 222 Mo. App. 211, 297 S. W. 99.]

In fact plaintiff itself concedes in its brief that if such facts were present and established, then it would be precluded from the maintenance and prosecution of its own suit, whether at law or in equity (as to which the parties are in disagreement), but it insists that none of such facts were before the court so as to have induced and supported the order of dismissal, no evidence of any character having been heard upon the motion. Defendants counter with the suggestion that the motion to dismiss was in the nature of a demurrer, and so determinable, from facts appearing on the face of the record; and that in any event the trial court took judicial notice of the cases pending before it, and particularly in its own division.

It is clear, we think, that the motion to dismiss is not to be regarded as having been in anywise in the nature of a demurrer, in that none of the matters pertaining to the Boeckeler Lumber Company suit appeared on the face of the record of the instant case, but all depended for their establishment upon proof of facts *dehors* the record of the instant case. Nor was the necessity for proof upon

the motion to be properly supplied by judicial notice on the court's part of the state of the record in the Boeckeler Lumber Company case, as defendants' counsel would have us believe. It is of course true that for certain purposes and within certain limits a court may take judicial notice of its own records in another and different case in the same court, yet where a showing of the existence of some such record or entry is essential to enable a party to a cause to bear his burden of proof upon some matter at issue therein, then the record itself must be introduced in evidence, absent an admission of its contents by opposing counsel. Were the rule otherwise, a cause might indeed be well and fairly enough disposed of in the trial court by the mere assumption of the truth of facts which both court and counsel might privately know to exist, but obviously no record could be made and preserved so as to enable an appellate court to review a case which had been thus determined by the lower court's having taken judicial notice of records of its own of which the appellate court could not possibly have or take a corresponding judicial notice. [Daggs v. McDermott, 327 Mo. 73, 34 S. W. (2d) 46; Hume v. Wright (Mo. Sup.), 274 S. W. 741.]

So in determining the motion without the hearing of evidence upon it the court undoubtedly committed error, but whether or not its error was prejudicial must depend ultimately upon the question of the correctness of its decision. In other words, if the parties in the presentation of the case in this court have expressly or impliedly conceded the existence of the facts which would support the court's order and decision dismissing the cause, then it would be a useless thing to send the case back for a rehearing to the sole end that the identical result might be again reached, but by a proper procedure. Of course the parties, by conceding facts in an appellate court, ought not to be permitted to convict the trial court of error in connection with a ruling otherwise correct, but if, in the light of conceded facts, the trial court's ruling, though erroneous upon the ground assigned by the court, is nevertheless to be affirmed upon the theory that in any event the court arrived at a correct result in the case, then the rights of no one are prejudiced by such affirmance, and the appellate court but gives expression to the doctrine that the law will not require the doing of a useless thing.

Now by its own motion to merge plaintiff has expressly admitted that the Boeckeler Lumber Company suit, No. 88,912, is an equitable mechanic's lien suit involving the same property as does the instant suit, with itself named as a party thereto; and throughout its brief it impliedly admits the prior pendency of such suit so far as the filing of the petition is concerned, but defends upon the theory that the commencement of an equitable mechanic's lien suit dates from the time of the issuance of summons. So it argues that before its

own cause was subject to dismissal upon the ground of the pendency of the Boeckeler Lumber Company suit, it should have been shown, not only that the petition had been filed therein, but also that summons had been issued for it within ninety days after it had filed its lien statement. Of course there was no such showing; and indeed the parties concede in their briefs that as a matter of fact writs were not issued in the Boeckeler Lumber Company case until after the limitation period of ninety days had run against this plaintiff.

In the light of the statutes and reported decisions, we think that plaintiff's position is untenable in regard to what constitutes the commencement of the equitable suit. As in the case of actions generally, a suit or action to enforce a mechanic's lien is deemed to have been commenced when the petition is filed, unless the issuance of summons in regular course is ordered withheld at the direction of the plaintiff (Matthews v. Stephenson, 172 Mo. App. 220, 157 S. W. 887; Henry Evers Mfg. Co. v. Grant (Mo. App.), 284 S. W. 525); and this is so even though summons is not actually issued by the clerk until after the ninety-day period of limitation has meanwhile expired. [South Missouri Lumber Co. v. Wright, 114 Mo. 326, 21 S. W. 811.] This upon the theory that by the filing of his petition the plaintiff has done all that lies within his sole power towards the institution of the suit, the issuing of the summons being a matter which rests peculiarly in the hands of the clerk; and therefore the filing of the petition is to be regarded as tantamount to a request by the plaintiff for the issuance of summons in regular course.

Assuming, as both parties concede, that summons was not issued for plaintiff herein as a defendant in the Boeckeler Lumber Company case until after its ninety days had passed, the Boeckeler Lumber Company case was nevertheless duly commenced at the time of the filing of the petition therein. There is no suggestion that the timely issuance of summons was withheld by the request of the plaintiff therein, and if such was the case, then the burden was upon this plaintiff to show such fact in order to overcome the presumption otherwise existing that the petition was filed by the Boeckeler Lumber Company with the intention that summons should be issued by the clerk in the regular course. But at any rate this discussion is actually all beside the point, for if summons was not issued for it within the ninety-day period, then under Section 3187 it was plaintiff's duty, having been named as a party therein, to enter its appearance and plead in the Boeckeler Lumber Company suit within such period, upon the doing of which its own suit would have been duly commenced within the meaning of the statute. [McPherrin v. Lumbermen's Supply Co., 211 Mo. App. 385, 242 S. W. 136.]

There is a great deal said in the briefs about the bar of the ninety-day Statute of Limitations not appearing on the face of the record, and so not being available to defendant Wright upon his motion to dismiss. We appreciate that the limitation statute is one which goes to the remedy and not the right of action (American Radiator Co. v. Connor Plumbing & Heating Co., 277 Mo. 548, 211 S. W. 56; Woodling v. Westport Hotel Operating Co., 227 Mo. App. 1231, 63 S. W. (2d) 207); and it is indeed true that the actual record before us does not affirmatively disclose whether or not plaintiff is now subject to be barred from the enforcement of its lien by cross-bill in the Boeckeler Lumber Company suit. However, this is a matter with which we are not now concerned, but which will become of importance only when plaintiff's cause of action is attempted to be brought to trial as one of the features of that suit. As we have already pointed out, the dismissal of the instant suit follows from the fact of the pendency of the Boeckeler Lumber Company suit to which plaintiff is a party as a lienor of record, and this is so without regard to the question of whether or not the facts may be such as to make a plea of the Statute of Limitations available therein.

So the dismissal of the instant suit was proper unless it be, as plaintiff earnestly contends, that even though the enforcement of its lien was prohibited therein because of the pendency of the Boeckeler Lumber Company suit, yet the court should have retained jurisdiction over the suit as a cause pending to the end that plaintiff might in any event recover a personal judgment against defendant Wright, the contractor in the case.

There is no doubt that under proper circumstances a lien claimant entitled to bring and maintain a suit or action to enforce his lien, failing in the proof of his right to the lien, may nevertheless recover a valid personal judgment against the contractor. [Williams v. Porter, 51 Mo. 441; Clark Williams Realty Co. v. Briggs, 164 Mo. App. 104, 148 S. W. 147; Floreth v. McReynolds, 205 Mo. App. 143, 224 S. W. 995; Cahill, Swift & Co. v. McCornish, 74 Mo. App. 609.]

But we do not believe that this rule is of avail to plaintiff in the present case. The lien prayed for is but incidental to the money judgment prayed for, in that the lien claimant must have either a money judgment or a finding of an indebtedness to support the adjudication of his lien. In other words, a mechanic's lien suit or action must necessarily always involve both elements. Now it is well enough to say that where the lien claimant is entitled to bring and prosecute his suit, he may recover his personal judgment, if on personal service, notwithstanding the fact that for technical reasons he may fail in the enforcement of his lien against the property. But here Section 3183 provides that after an equitable mechanic's lien

suit of the character of the Boeckeler Lumber Company suit is instituted, no separate suit shall be brought upon any mechanic's lien or claim against the property. Consequently plaintiff had no right even to bring its suit which necessarily involved the indebtedness of defendant Wright as an element thereof; and with the very bringing of the suit prohibited, plaintiff is not to be permitted to abandon such of its features as make it distinctly a mechanic's lien suit, and thereafter prosecute it as an ordinary action at law upon an account, regardless of its right to institute an action properly designed for that single purpose.

In Woodling v. Westport Hotel Operating Co., supra, which plaintiff calls to our attention on the point, the trial court allowed a personal judgment without a lien, but it was allowed to the intervenors upon their cross-petitions in the equitable suit, which were properly maintained, absent a proper plea of the bar of the Statute of Limitations. Obviously that is a far different situation from the allowance of a personal judgment without a lien in a suit which the plaintiff is prohibited by statute from bringing. In Badger Lumber & Coal Co. v. Robertson, supra, though the trial court rendered a judgment, subsequently affirmed, which was contrary to our conclusion herein, the propriety of that feature of the judgment was not before the appellate court, and consequently there was no decision thereon.

Finding no error in the trial of the case materially affecting its merits or prejudicial to plaintiff's right, it follows that the judgment of the circuit court should be affirmed. The Commissioner so recommends.

PER CURIAM:—The foregoing opinion of BENNICK, C., is adopted as the opinion of the court. The judgment of the circuit court is, accordingly, affirmed. *Hostetter, P. J.,* and *Becker* and *McCullen, JJ.,* concur.