**STATE of Missouri, Plaintiff-Respondent,**

v.

**Stanley Reid PENNICK, Defendant-Appellant.**

No. 49403.

Supreme Court of Missouri,

Division No. 1.

Feb. 11, 1963.

————◆————

Errol Joyce, Brookfield, Jack C. Jones, Carrollton, for appellant.

Thomas F. Eagleton, Atty. Gen., O. Hampton Stevens, Sp. Asst. Atty. Gen., Jefferson City, for respondent.

HOLMAN, Commissioner.

Defendant was found guilty of manslaughter by culpable negligence in the death of Rachel Anderson and his punishment was fixed by the jury at two years' imprisonment in the penitentiary. See §§ 559.070 and 559.140 (all statutory references are to RSMo 1959, V.A.M.S.). He has appealed from the ensuing judgment.

The evidence offered by the State supports the following statement of facts. On Sunday, April 3, 1960, John Anderson and his wife Rachel, went to the Gulley Bowling Lanes in Chillicothe, Missouri, where they remained until about midnight. They bowled in a tournament that was in progress at that time. Upon leaving the bowling alley they proceeded south on Washington Street in their 1957 Chevrolet car. James Brown and Henry Keith, who had also been at the bowling alley, left at about the same time as the Andersons. Their automobile was also proceeding south on Washington about 50 feet behind the Anderson car. These automobiles were traveling between 20 and 25 miles per hour. After going a short distance the cars were driven onto a viaduct 460 feet long which crosses over certain railroad tracks. Shortly after they drove onto the viaduct the occupants of the second car saw a northbound automobile entering the south end of the viaduct at a speed estimated at between 70 and 75 miles per hour. This automobile was later identified as a 1957 Buick being driven by the defendant. When first seen by the witnesses it was on the wrong side of the road. Thereafter it swerved back to the right into the northbound lane and then swerved again to the left into the southbound lane and collided with great force with the Anderson Chevrolet. At the time of the collision the Anderson car had practically stopped and the car driven by Mr. Brown had completely stopped. Mr. Brown stopped his car because he had seen defendant's car approaching in the wrong traffic lane.

The point of impact was 160 feet south of the north end of the viaduct. There were two traffic lanes across the viaduct, each 15 feet wide, and the impact occurred six or seven feet west of the center line of the viaduct. The speed limit at that point was 25 miles per hour, and the Buick made 124 feet of skid marks before reaching the point of impact. The defendant's automobile had passed a northbound car 140 feet before it reached the viaduct and the driver of that automobile testified that defendant's car was traveling at a speed of 70 miles per hour and was being driven in such a manner that his car was forced onto the east sidewalk.

Within a short time after the collision two ambulances arrived and Mr. and Mrs. Anderson were removed from their car and taken to a Chillicothe hospital where, upon examination, Mrs. Anderson was found to be dead. In the opinion of the coroner (a physician) she died of a broken neck. It is stated in the briefs that John Anderson died the following day.

Two witnesses testified that they smelled alcohol on the defendant's breath while he was still in his car at the scene of the col-

lision, and two other witnesses testified that they smelled alcohol on his breath shortly after he arrived at the hospital. The defendant did not testify.

Prior to the trial defendant filed a motion to quash which reads as follows: "Comes now the above named defendant and moves the court to quash the information herein and for ground thereof states: 1. That there is now pending in this court against this defendant two informations charging defendant with a commission of the same and identical offense, being cause No. 1273 and cause No. 1274. 2. That the information in cause 1274 was filed subsequent to the filing of information in cause No. 1273. That the second information charges the commission of the same offense as that described in the first information. That by reason of two informations pending at the same time for the same offense the first information is deemed to be suspended. Wherefore, premises considered, defendant prays the court to quash the information filed in this court, being No. 1273, and to abate all proceedings in the prosecution thereof." That motion was obviously based upon S.C. Rule 24.14, V.A.M.R., which provides: "If there be at any time pending against the same defendant two indictments or two informations for the same offense, the indictment first found, or the information first filed, shall be deemed to be suspended by the second indictment or information." All that appears in the transcript concerning the hearing and disposition of the aforementioned motion is contained in the following recital: "Thereafter, on the 5th day of September, 1961, motion to quash was by the court overruled."

The first point briefed by defendant is that the court erred in overruling his motion to quash the information herein. It is his contention that since the deaths of John and Rachel Anderson are alleged to have resulted from a single unlawful act of culpable negligence in the operation of his automobile only one offense could have been committed. Accordingly, he says that the information charging manslaughter in

the death of Rachel, and the information charging manslaughter in the death of John, each charge the same offense and therefore the information in this case should have been quashed since the subsequent filing of the information relating to John's death suspended the first information.

The question which defendant sought to raise ordinarily arises upon a plea of former jeopardy in a subsequent prosecution. An annotation in 172 A.L.R. 1053 contains an extensive discussion of this question. It is there stated that "there is a conflict on the question of how many offenses are committed where two or more persons are injured or killed by a single criminal act in the operation of a motor vehicle. The majority of courts hold that there are as many separate and distinct offenses as there are persons injured or killed by the unlawful act so that successive prosecutions may be instituted against the person who committed the unlawful act without violating the rule against double jeopardy." But " * * * there is authority holding that where two or more persons are injured or killed by a single criminal act in the operation of a motor vehicle, only one offense is committed and an acquittal or conviction of an offense based on the injury or death of one of the persons will be a bar to a prosecution of offenses based on the injury or death of the other persons." 172 A.L.R., l. c. 1062, 1064.

However, we need not (and do not) decide the ultimate question defendant has presented. This for the reason that we have concluded that the trial court did not err in overruling the motion to quash because no evidence was offered in support thereof.

■ It is elementary that the allegations of a motion do not prove themselves. The first proof of the filing of an information charging manslaughter in the death of John Anderson appears from a certified copy thereof attached to the motion for new trial. That proof should have been offered at the time the motion to quash was heard. The trial court cannot be convicted

of error in overruling said motion upon proof first offered in connection with the motion for new trial.

■ We are mindful of the general rule that a court will take judicial notice of its own records. That rule dispenses with the necessity of *identifying* the records of another case in the same court, but in a situation like the one before us it is necessary that the files and records be *offered* in evidence. The reason for that requirement appears in the following: "It is of course true that for certain purposes and within certain limits a court may take judicial notice of its own records in another and different case in the same court, yet where a showing of the existence of some such record or entry is essential to enable a party to a cause to bear his burden of proof upon some matter at issue therein, then the record itself must be introduced in evidence, absent an admission of its contents by opposing counsel. Were the rule otherwise, a cause might indeed be well and fairly enough disposed of in the trial court by the mere assumption of the truth of facts which both court and counsel might privately know to exist, but obviously no record could be made and preserved so as to enable an appellate court to review a case which had been thus determined by the lower court's having taken judicial notice of records of its own of which the appellate court could not possibly have or take a corresponding judicial notice. Daggs v. McDermott, 327 Mo. 73, 34 S.W.2d 46; Hume v. Wright (Mo.Sup.) 274 S.W. 741." Richards Brick Co. v. Wright, 231 Mo. App. 946, 82 S.W.2d 274, 279. See also Randall v. St. Albans Farms, Inc., Mo. Sup., 345 S.W.2d 220, and cases cited therein.

■ While there are circumstances (not here present) under which a trial court may, of its own motion, take judicial notice of its records in another case, in the event it does so it should cause the record to disclose the precise matters it has so considered. Knorp v. Thompson, 352 Mo. 44, 175 S.W.2d 889.

As heretofore stated, we rule that the court did not err in overruling the motion to quash. In that connection we observe that defendant will have another opportunity to raise the question he sought to present in that motion. It was stated in oral argument that the case involving the charge of manslaughter against defendant in the death of John Anderson had been set for trial in April 1963. If defendant desires to present the contention that only one offense was committed on the occasion heretofore described, he may do so by interposing a plea of double jeopardy in that case.

The next point briefed relates to the alleged error of the court in permitting testimony by Dr. Conrad that he smelled liquor on defendant's breath. The doctor was on duty at the hospital when defendant was brought to the emergency room. This witness was also the county coroner. Over objection he testified to the following: "As coroner, when a person comes in that has been in an auto wreck, and they are in the emergency room, I smell their breath to see if they have liquor on it, and in Pennick's case, he had liquor on his breath. * * * As a physician I examined him because he was hurt. His ribs were hurting him and his thumb was hurting him." At the conclusion of the testimony of Dr. Conrad the court instructed the jury as follows: "The Court: Concerning the objections made on examination of the defendant at the hospital, the jury will disregard the doctor's answers as to the examination he made, the findings that he made at the hospital, the jury will disregard those findings that the doctor testified to. The objection to what he testified to as to the condition of the defendant at the hospital [on the] early morning of April 4th, you shall disregard that."

■ The defendant contends that the testimony hereinbefore set out was inadmissible because it violated the physician-

patient privilege as specified in § 491.060 (5). We have decided that we need not determine that contention on the merits because, even if we assume that the evidence was inadmissible, we are convinced that no prejudice to the defendant could have resulted therefrom. It should be noted that the witness did not testify that defendant was intoxicated but only that he smelled liquor on his breath. That testimony was merely cumulative as three other witnesses gave similar testimony and there was no testimony to the contrary. The testimony was of a nature that did not require the opinion of a medical expert and therefore we do not believe the jury would give any greater weight to such testimony when given by a physician than it would to similar testimony from a layman

The court instructed the jury to disregard the testimony of the doctor concerning his "findings" upon examination of defendant and "as to the condition of defendant at the hospital on the early morning of April 4." While the court did not specifically refer to the testimony here complained of, we think the instruction was broad enough to include such testimony. If there was any possibility of prejudice resulting from the testimony in question, that instruction to the jury would tend to remove it. Certainly, when we consider both the fact that the testimony was cumulative and that the jury was instructed to disregard it we confidently conclude that no prejudice to the defendant could have resulted from its admission. See State v. Hinajosa, Mo. Sup., 242 S.W.2d 1 [15], and State v. Fulkerson, Mo.Sup., 331 S.W.2d 565 [1].

■ Defendant's final contention is that "this case must be reversed because the state failed to prove the deceased, Rachel Anderson, met her death as a result of the alleged automobile accident or that she was in good health prior to the alleged accident." He relies upon State v. Simler, 350 Mo. 646, 167 S.W.2d 376, 383, wherein it was said that "There was no direct proof whatever of the cause of deceased's death.

No evidence was introduced to show what injuries he sustained, or that they were fatal. * * * The criminal agency was proven—the automobile collision caused by culpable negligence. But was the death produced by it? We do not mean to say such facts cannot be proven circumstantially, when necessary." The evidence in the case at bar was much more substantial than it was in the Simlar case. Here, there was evidence that deceased bowled during the time she spent at the bowling alley (which would indicate that she did not have a broken neck at that time) and that shortly after leaving the alley the car in which she was riding was involved in a violent collision; that she was promptly removed to a hospital where a physician pronounced her dead as the result of a broken neck. That was ample circumstantial evidence from which a jury could reasonably have found that her death resulted from injuries received when defendant's car violently collided with the Anderson car. State v. Feger, Mo.Sup., 340 S.W.2d 716. This point is ruled adversely to defendant.

An examination of the record as required by S.Ct. Rule 28.02, V.A.M.R., discloses no error.

The judgment is affirmed.

COIL, C., not participating.

HOUSER, C., concurs.

PER CURIAM.

The foregoing opinion by HOLMAN, C., is adopted as the opinion of the court.

DALTON, P. J., WESTHUES, J., and STONE, Special Judge, concur.

HYDE, J., concurs in separate opinion filed.

HOLLINGSWORTH, J., concurs, and concurs in separate concurring opinion of HYDE, J.

HYDE, Judge (concurring).

I concur in the opinion of HOLMAN, C., herein and all the rulings made therein. However, a further reason for my concurrence is that it is my view that Supreme Court Rule 24.14 has no application whatever to the situation in this case. My conclusion is that if two persons are killed by the same criminal act, an indictment or information is suspended by a second indictment or information only if it charges the death of the same person. I consider that double jeopardy is a separate question having nothing whatever to do with the construction of this rule.

HOLLINGSWORTH, J., concurs.