MEINERS COMPANY, a corporation, Respondent,

v.

CLAYTON GREENS NURSING CENTER, INC., a corporation, Appellant.

No. 44331.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 16, 1982.

Motion for Rehearing and/or Transfer to Supreme Court Denied Jan. 14, 1983.

David S. Purcell, Clayton, for appellant.

William B. Smith, III, St. Louis, for respondent.

REINHARD, Judge.

Defendant appeals from judgment on the pleadings in favor of plaintiff in this suit on account. Defendant contends that, because an equitable mechanic's lien suit involving the same property and parties was pending in the St. Louis County Circuit Court, the trial court had no jurisdiction to hear this case and its judgment is, therefore, a nullity.

Plaintiff filed this action on October 12, 1978. The petition alleged that between the dates of April 29, 1977, and April 10, 1978, plaintiff had supplied various labor and materials to defendant and that defendant had refused to make payment. Invoices detailing the amount due, $6,785.21, were attached to the petition. The petition prayed judgment in the amount of $6,785.21 plus interest. On January 20, 1979, defendant filed its answer generally denying the allegations of the petition. On January 6, 1981, defendant filed a motion to dismiss this case for want of jurisdiction or, alternatively, to stay the case or to consolidate it with the equitable lien case. In its motion, defendant alleged that an equitable mechanic's lien action had been previously commenced against defendant, that it concerned the same property, and that plaintiff in the present suit was seeking to enforce a mechanic's lien in the equitable action. Further, the motion alleged that under §§ 429.270—.310, RSMo. 1978, and the cases construing that statute, the trial court was without jurisdiction to hear this case. The trial court overruled defendant's motion on January 9, 1981. On March 25, 1981, the case was assigned for trial, and the plaintiff filed a motion in limine to prevent defendant from referring, during the presentation of the case, to the pending equitable action or to the construction of Clayton Greens Nursing Center. In that motion plaintiff admitted that the mechanics' liens arising out of the construction of Clayton Greens Nursing Center were in litigation, but alleged the construction of the nursing center and the liens arising out of that construction were immaterial to this case. The court granted plaintiff's motion in limine. Defendant then amended its answer to admit all the allegations in the petition, and the court entered judgment on the pleadings in plaintiff's favor. Defendant preserved its objection to jurisdiction.

On appeal, defendant contends that the trial court exceeded its jurisdiction in overruling defendant's motion to dismiss, stay, or consolidate this case because there was pending an equitable mechanic's lien suit involving the parties, property, and improvements involved in this suit. Defendant argues that, by virtue of the pendency of the equitable action, the trial court lacked subject matter jurisdiction in this suit on account, and its judgment in this action is, therefore, a nullity. We do not agree, and we affirm the trial court's judgment on the pleadings.

■ Section 429.270, RSMo. 1978, provides for equitable mechanic's lien suits to determine the "various rights, interest, and liens of the various mechanics' lien claimants and claimants of other liens and owner of any interest in or leasehold upon said property ...." Section 429.300, RSMo. 1978, provides in part:

[A]ll other suits that may have been brought on any mechanic's lien claim or

demand shall be stayed and no further prosecuted, and the parties in any such other suit shall be made parties to such equitable action as in the foregoing sections provided.... After the institution of such equitable action no separate suit shall be brought upon any mechanic's lien or claim against said property, or any of it, but the rights of all persons shall be adjusted, adjudicated and enforced in such equitable suit.

This language does provide that, once commenced, the equitable action is the exclusive vehicle for litigating liens and other claims related to a particular property. *State ex rel. Clayton Greens Nursing Center, Inc. v. Marsh,* 634 S.W.2d 462, 465 (Mo. 1982).[1] However, common sense and logic dictate that a court may not dismiss a legal action based on the movant's bare allegations that a related equitable mechanic's lien suit is pending. The defendant here had the burden of introducing evidence of the pendency of the related equitable suit. *Richards Brick Co. v. Wright,* 82 S.W.2d 274, 279 (Mo.App.1935); *McLeod v. Marion Laboratories, Inc.,* 600 S.W.2d 656, 657 (Mo. App.1980). It is true that a court may, under certain circumstances, take judicial notice of the record in other cases; however, when the record in another case forms an essential element of a party's claim or defense, the record itself must be introduced in evidence, absent an admission of its contents by the opposing party. *Richards Brick,* 82 S.W.2d at 279.

In this case, defendant introduced no evidence regarding the equitable action. Further, there is no indication in the record that defendant requested that the trial court take judicial notice of the equitable action. Finally, while plaintiff admitted in its motion in limine that there was an equitable action pending, it alleged that the action was unrelated to the issues in this suit on account. Thus, defendant failed to carry its burden of introducing evidence of

a pending related equitable case. The trial court did not err in overruling defendant's motion.

■ The defendant has submitted, as part of the record on appeal, relevant portions of the record of the equitable mechanic's lien action. However, we may not consider, in reaching our decision, documents that were neither pleaded nor before the trial court. *Dyer v. General American Life Insurance Co.,* 541 S.W.2d 702, 704 n. 2 (Mo.App.1976); *Collins v. Vernon,* 512 S.W.2d 470, 473 (Mo.App.1974). Therefore, we grant plaintiff's motion to strike portions of the legal file to the extent that it refers to the portions of the record from the equitable mechanic's lien action which were not introduced below, and we deny defendant's motion to supplement the legal file with those documents. *See Laclede Gas Co. v. Hampton Speedway Co.,* 520 S.W.2d 625, 628 (Mo.App.1975).

Finally, we deny plaintiff's motion, pursuant to Rule 84.19, for damages for frivolous appeal. Our review of the record reveals no showing of bad faith by defendant in taking this appeal. *Wissmann v. German Evangelical St. Marcus Congregation of St. Louis,* 612 S.W.2d 138, 141 (Mo.App.1980).

Judgment affirmed.

CRANDALL, P.J., and CRIST, J., concur.

---

1. In *State ex rel. Clayton Greens Nursing Center, Inc. v. Marsh,* a case involving the same equitable lien action, the Supreme Court held that after commencement of the equitable action, a trial court had no jurisdiction to hear a case for breach of contract. In that case, however, there was apparently no lack of evidence that the lien action and the legal suit involved the same parties, property, and issues.