Reverend Leonard P. GIACOLONE, Pro-Synodal Judge of the Metropolitan Tribunal of the Archdiocese of St. Louis, Plaintiff-Relator,

v.

The Honorable Robert W. SAITZ, Judge, Division 6, Circuit Court of the County of St. Louis, Defendant-Respondent.

No. 46826.

Missouri Court of Appeals,
Eastern District,
Division Five.

March 29, 1983.

Motion for Rehearing/Transfer to
Supreme Court Denied
April 15, 1983.

Bernard C. Huger, St. Louis, for plaintiff-relator.

Leo V. Garvin, St. Louis, for C. Forti.

KAROHL, Judge.

Plaintiff sought a preliminary order in mandamus to compel defendant circuit judge to take no further action directed toward enforcement of a certain subpoena duces tecum served upon plaintiff. The subpoena was requested by the defendant *Forti* in a case pending before defendant, *Ruskin v. Forti,* # 431852, wherein *Ruskin* asked damages for alienation of affection. We granted the order as to the subpoena duces tecum in the form issued.

On February 1, 1983 plaintiff received service of a subpoena duces tecum which commanded him to appear before defendant on February 2, 1983 and to then and there produce in evidence:

Any and all records, letters, correspondence, depositions, statements, interrogatories or other written memoranda within your possession, custody or control per taking [sic] to an application by or on behalf of Ann Ruskin formerly known as Ann Dickens.

Plaintiff was the target of the subpoena duces tecum in his capacity as a priest and as the Pro-Synodal Judge of the Metropoli-

tan Tribunal of the Archdiocese of St. Louis. In these capacities he was in possession of documents "In certain proceedings had and taken pursuant to mandates of canon law and thus and thereby constituting ecclesiastical proceedings ...." He filed a motion to quash the subpoena duces tecum on the basis that the ecclesiastical proceedings were immune from scrutiny under the First, Fifth and Fourteenth Amendments of the Constitution of the United States and the corresponding constitutional provisions of the State of Missouri. The motion to quash made no mention of a further ground asserted by the plaintiff before this court that production of the subpoenaed material would violate plaintiff's statutory privilege as set forth in § 491.060.4 RSMo 1978.

On February 4, 1983 defendant entered an order overruling plaintiff's motion to quash, stating:

> Motion to Quash and for protective order filed by Reverend Leonard P. Giacolone heard, and overruled. Reverend Giacolone ordered to produce subpoenaed records in camera. Reverend Giacolone granted additional time to file Writ of Prohibition or until 10:00 A.M. on Friday, February 4, 1983.

On February 10, 1983 defendant entered an order styled, "Nunc Pro Tunc Order", which purported to amend the order of February 4, 1983 and states, in relevant part, as follows:

> Motion to Quash and Protective Order filed by Leonard P. Giacolone heard and overruled in part. Reverend Giacolone ordered to produce subpoenaed records submitted and authored by plaintiff Ann Ruskin, *in limine*, [sic] for review by the court before inspection, by counsel for the parties herein, if any. Reverend Giacolone granted additional time to file Writ of Prohibition until 10:00 A.M. February 4, 1983.

After the preliminary order in mandamus was served upon defendant during the trial, the case of *Ruskin v. Forti* to which the subpoena duces tecum related, was terminated and a mistrial declared. No order was entered by defendant continuing the subpoena duces tecum to a future date.

■ Although no second subpoena duces tecum was prepared or served, the order of February 10, 1983 narrowed the scope of the original subpoena to include only records submitted and authored by plaintiff Ann Ruskin. It did not request "Any and all records, letters, correspondence, depositions, statements, interrogatories or other written memoranda," which may or may not have been submitted and authored by plaintiff *Ruskin.* We hold that the order of February 10, 1983 served to withdraw defendant's order of February 4, 1983 against which our preliminary order issued. It was not, at law, a nunc pro tunc order. *See Aronberg v. Aronberg,* 316 S.W.2d 675, 681 (Mo.App.1958). A nunc pro tunc entry can only be employed to correct a clerical mistake or misprison of the clerk and cannot be invoked to correct a mistake or oversight of the judge, nor to correct judicial errors, nor to render a judgment different from that actually rendered even though the judgment actually rendered was not the judgment the judge intended to render. *Id.* Furthermore, plaintiff is not now obligated under the subpoena duces tecum. Defendant made no order continuing the enforcement of the subpoena to a future date.

■ "The function of the writ of mandamus is to enforce, not to establish, a claim or right; the office of the writ is to execute not to adjudicate." *State ex· rel. Kiely v. Schmidli,* ·583 S.W.2d 236, 237 (Mo.App. 1979). "In order to warrant control by mandamus there must be an *existing,* clear, unconditional, legal right in relator, [plaintiff] and a corresponding *present,* imperative unconditional duty upon the part of respondent, and a default by respondent therein." (emphasis added) *State ex rel. Public Service Commission of Missouri v. Missouri Pac. R. Co.,* 280 Mo. 456, 463–64, 218 S.W. 310, 311 (1919). The record demonstrates that defendant's order has been withdrawn and replaced and in any event the subpoena is no longer valid. There being no existing legal right in plaintiff and no corresponding present duty of defendant

we dissolve the preliminary order in mandamus without reaching or deciding the issues raised by the parties. *State ex rel. Hand v. Bilyeu,* 346 S.W.2d 221, 225 (Mo.App.1961).

PUDLOWSKI, P.J., and CRANDALL, J., concur.