STATE of Missouri, ex rel. POWER PRO-CESS PIPING, INC. and Natkin & Company, d/b/a Fischbach-Natkin, A Joint Venture, Relators,

v.

The Honorable Donald E. DALTON, Judge of Division No. 2 Circuit Court of Missouri Eleventh Judicial Circuit, Respondent.

Nos. 48833, 48834.

Missouri Court of Appeals, Eastern District, Division Three.

Nov. 27, 1984.

David G. Dempsey, Clayton, David R. Frensley, Kansas City, for relators.

James E. McDaniel, St. Louis, for respondent.

KAROHL, Presiding Judge.

Preliminary writs of mandamus were granted in these cases in order to consider the question of whether relators have an unconditional right to intervene with non-lien breach of contract claims in a mechanics lien suit pending before respondent judge. We have consolidated the two writs for purposes of this opinion because they raise the same legal issue. Relators claim unconditional right to intervene on the authority of Rule 52.12(a) and § 429.290 and .300, RSMo.1978 and rely upon two en banc decisions of our Supreme Court, *State ex rel. Clayton Greens Nursing Center, Inc. v. Marsh*, 634 S.W.2d 462 (Mo. banc 1982) and *State ex rel. Great Lakes Steel Corp. v. Sartorius*, 249 S.W.2d 853 (Mo. banc 1952).

Respondent judge denied relators' separate motions to intervene in a pending equitable mechanics lien suit, *Kolb Grading v. General Motors Development Corporation, et al.*, "since movants do not assert mechanics liens claims." In the same order respondent provided, "[t]his order is not to be construed as limiting or restraining movants from asserting in any proper forum such causes of action as they may have."

Relators were independent prime contractors on the General Motors Assembly Plant [G.M. Plant] built in Wentzville, Missouri. Relator Power Piping, Inc. and Natkin and Company, d/b/a Fischbach-Natkin [P.P.P./F.N.], in a joint venture contracted with General Motors to do underground mechanical work. Relator Natkin and Company d/b/a Fischbach-Natkin [F.N.] contracted with General Motors to perform above-ground mechanical work.

At least three underlying lawsuits are relevant. In each suit General Motors Development Corporation and General Motors Corporation are the owners of the General Motors plant and Barton-Malow Company is either the owner's agent (plaintiffs' view) or construction manager for General Motors (defendants' view). The chronology and events in these suits relevant to this writ proceeding follow.

On October 12, 1982, P.P.N./F.N. filed a breach of contract suit in the circuit court of the City of St. Louis against General Motors et al. to recover sums alleged to be due and owing for underground mechanical work done at the G.M. plant. This suit is pending but subject to defendants' joint motions to dismiss filed in June 1983. In this suit defendants maintain that a later filed mechanics lien suit preempts the breach of contract cause of action and cite § 429.300, RSMo.1978.

On November 4, 1982 a mechanics lien suit was filed in the circuit court of St. Charles County, Missouri, *Kolb v. General Motors*, et al., hereafter referred to as Kolb lien suit. This suit is pending before respondent judge as an equitable mechanics lien action. On November 12, 1982, before relators' motion to intervene in the lien suit was filed, respondent judge entered an order which provided inter alia ". . and all other suits or claims and demands arising out of the General Motors Assembly Plant in Wentzville, Missouri are hereby consolidated into [this mechanics lien suit], now the sole cause." The same order refused to consolidate the non-lien claim of one movant, Schwent Trucking. On June 8, 1983 relators' motions to intervene in the Kolb lien suit were denied. Subsequently relators filed the writ of mandamus petition now under consideration to permit their intervention.

Some time in May 1983 F.N. filed a breach of contract suit in the circuit court of St. Charles County against General Motors, et al. to recover sums alleged to be due and unpaid for above-ground mechani-

cal work. On June 8, 1983 relator F.N.'s motion to intervene in the Kolb lien suit was denied.

■ The parties have not questioned relators' resort to mandamus. Mandamus is a remedy designed to enforce, not to establish, a right or claim. *State ex rel. Commissioners of the State Tax Commission v. Schneider*, 609 S.W.2d 149, 151 (Mo. banc 1980). It will lie where there is "an existing, clear, unconditional, legal right in relator and a corresponding present, imperative, unconditional duty upon the part of the respondent." *Giacolone v. Saitz*, 650 S.W.2d 665, 666 (Mo.App.1983); *State ex rel. Sayad v. Zych*, 642 S.W.2d 907, 911 (Mo. banc 1982). Mandamus has been approved to permit an order to add additional parties. *State ex rel. Apco Oil Corporation v. Turpin*, 490 S.W.2d 400, 402 (Mo. App.1973) and *State ex rel. Mayweather v. Bondurant*, 538 S.W.2d 953 (Mo.App.1976).

Supreme Court Rule 52.12(a) grants intervention of right when a statute confers an unconditional right to intervene. Section 429.290, RSMo.1978 states in part that "[a]fter any such equitable action is commenced, the same shall be exclusive of other remedies for the enforcement of mechanics liens." Section 429.300, RSMo.1978 states "The equitable action above provided for shall be brought in the proper court of record regardless of the amount claimed by the plaintiff or plaintiffs in such action, and all other suits that may have been brought on any mechanic's lien claim or demand shall be stayed and no further prosecuted, and the parties in any such other suit shall be made parties to such equitable action as in the foregoing sections provided ..." We conclude that relators had an unconditional right to intervene and make the writ absolute.

The position assumed by respondent judge in refusing relators' intervention in the Kolb lien suit is that relators may maintain their contract actions filed before and after the Kolb lien suit in separate proceedings. The position of counsel for respondent judge is not the same. Counsel for respondent judge represented the defendants in the contract and lien proceedings. They have contended that on November 12, 1982 respondent judge made an order in the Kolb lien suit consolidating all other claims and ruled that non-lien suits filed before the lien suit, *see State ex rel. Clayton Greens Nursing Center, Inc. v. Marsh*, 634 S.W.2d 462, 465 (Mo. banc 1982), or after the lien suit, *see State ex rel. Great Lakes Steel Corp. v. Sartorius*, 249 S.W.2d 853, 855 (Mo. banc 1952) and *Richards Brick Co. v. Wright*, 231 Mo. App. 946, 82 S.W.2d 274, 281 (1935), are prohibited by § 429.300, RSMo.1978 and the filing of the Kolb lien suit. Counsel argues that the statute preempts pre-filed non-lien suits and precludes a later filed non-lien suit once a mechanics lien suit is filed by any claimant under the mechanics lien statute. If that position is correct relators would be denied any remedy for breach of contract in either a separate suit at law or under the mechanics lien statute because of failure to comply with the requirements of that statute.

Relators' position is that they are entitled to maintain their non-lien claims as suits at law for breach of contract until such time as a lien suit is filed which relates to the same construction project. The Kolb lien suit is such a case. They contend that because of the requirements of § 429.-290, RSMo.1978 they must intervene in the Kolb lien suit.

There is no statutory distinction between the breach of contract suit filed in the City of St. Louis before the equitable mechanics lien suit in St. Charles and the breach of contract suit filed in St. Charles County after the equitable mechanics lien action. Our Supreme Court held in *State ex rel. Clayton Greens Nursing Center, Inc. v. Marsh*, 634 S.W.2d 462, 464 (Mo. banc 1982) that § 429.300 required a stay of proceedings in a contract suit filed before the equitable mechanics lien action. The same court held in *State ex rel. Great Lakes Steel Corp. v. Sartorius*, 249 S.W.2d 853, 855 (Mo. banc 1952), that a breach of contract suit filed after an equitable mechanics lien could not be maintained where causes

arose out of the same construction project. The court in *Clayton Greens v. Marsh,* interpreted "mechanics lien claim or demand" to include non-lien-actions at law for breach of contract and held the equitable mechanics liens suits, once filed, are the exclusive remedy of all disputes between parties involved in the same construction project from which the mechanics lien suit arises. 634 S.W.2d at 465.

Respondent circuit judge by his order construed relators' petitions to intervene to be discretionary and interpreted §§ 429.290 and 429.300 to apply only to claimants who sought relief in the form of a mechanics lien. Respondent's order indicates that it was his view that these sections neither preempt pre-filed suits nor preclude after filed suits based only on actions at law for breach of contract. Respondent judge's counsel before this court argued that relators no longer have claims subject to separate adjudication. However, respondent judge's order, issued in an equitable proceeding was obviously not intended to prevent relators from having their day in some other court.

■ No case law authority has been cited to support the proposition that non-lien claims may not be tried together with lien claims in the same equitable mechanics lien action. It has been repeatedly held that a non-mechanics lien claimant may assert a personal action for breach of contract without resort to the protection afforded by the mechanics lien statute. The court held in *R.J. Stephens Drywall and Painting Co. v. Taylor-Morley-Simon, Inc.,* 628 S.W.2d 374, 376 (Mo.App.1982), that a mechanics lien is simply a method of collecting a debt and that the invalidity of the lien does not preclude a judgment for the debt. We find that a party does not waive its right to make a claim for breach of contract by not complying with the requirements of the mechanics lien statute. *See Woodling v. Westport Hotel Operating Co.,* 227 Mo. App. 1231, 63 S.W.2d 207 (1933); *Richards*

*Brick Co. v. Wright,* 231 Mo.App. 946, 82 S.W.2d 274, 281 (1935).

This court restated the law relating to an interpretation of § 429.300 in *Meiners Company v. Clayton Greens Nursing Center, Inc.,* 645 S.W.2d 722, 724 (Mo.App. 1982) and stated ".. once commenced, the equitable action is the exclusive vehicle for litigating liens *and other claims* related to a particular property." (our emphasis). 645 S.W.2d at 724. This language supports relators' present contention that they must be allowed to intervene because the Kolb lien suit is the only available proceeding in which they can litigate their contract non-lien claims. This is also the teaching of *Clayton Greens Nursing Center, Inc. v. Marsh, supra,* and *Great Lakes Steel v. Sartorius, supra.*

■ We do not accept the view that the legislature intended by enactment of the mechanics lien statute to abrogate common law contract actions on construction contracts where a claimant, not a party to the contract, brings a mechanics lien suit asserting a claim with regard to the same construction project. We do not believe that the Kolb lien claim and suit involving a contract between Kolb and the owners was intended by the legislature to become a shield for the property owner against other laborers, materialmen, or contractors on the construction project who elected not to avail themselves of the mechanics lien statute. The order of non-intervention entered by respondent judge expressly agrees with this view. Had the legislature intended such a radical result they would have expressly so provided.[1]

■ The present Rule 52.12(a) was amended in 1972. That change broadened the language and the requirements for mandatory intervention. Movant must establish three basic elements: (1) the applicant must show "interest" in the subject of the action in which he seeks to intervene; (2) he must show that his ability to protect his interests will be impaired or impeded as

---

1. It may be that such a provision would be unauthorized government mental interference with the contractual rights of citizens. We do not decide that issue.

a practical matter if not permitted to intervene; and, (3) he must show that his interest is not adequately represented by the existing parties. From what has already been said in this opinion relators not only have an "interest", but that interest will be impaired if not destroyed if not allowed to intervene and those interests are not represented in the Kolb lien suit. Further, "the major purpose of the rule, both in Missouri and in the federal jurisdictions [Rule 24 of the federal rules of civil procedure is substantially the same] is 'to facilitate the determination of all related disputes in one proceeding, and thereby avoid a multiplicity of actions.'" *State ex rel. St. Joseph, Missouri Association of Plumbing, Heating and Cooling Contractors, Inc. v. City of St. Joseph,* 579 S.W.2d 804, 806 (Mo.App. 1979), citing *State ex rel. Hughes v. Smith,* 485 S.W.2d 646, 651 (Mo.App.1972). In *Bolin v. Anders,* 559 S.W.2d 235 (Mo.App. 1977) the court in discussing intervention in an equity suit said,

> The statutes relating to intervention are broadly remedial and are intended to facilitate the determination of all related disputes in one proceeding and thereby avoid a multiplicity of actions. *State ex rel. Hughes v. Smith,* 485 S.W.2d 646 (Mo.App.1972). The defendant is not prejudiced, [by the permitted intervention as] he is protected from any further litigation by the contingent remaindermen, born or unborn, the trustee, the administrator, or the life tenants. The intervention ordered by the trial court thus benefited the defendant by removing any exposure he might have had to multiple litigation.

559 S.W.2d at 247.

In view of the mandate of § 429.290 and § 429.300 as interpreted in *State ex rel. Clayton Greens Nursing Center Inc. v. Marsh,* supra, and *State ex rel. Great Lakes Steel Corp. v. Sartorius,* supra, together with the holdings in *Woodling v. West Port Hotel Operating Co.,* supra, and

*Richards Brick Co. v. Wright,* supra, we conclude that relators had an absolute right to intervene. Relators fully satisfy the requirements of Rule 52.12(a). The Kolb lien suit is the only forum in which they are entitled to litigate their claims. Absent express statutory language abrogating the contractual claims of relators against the property owners, relators as separate prime contractors are entitled to intervene and litigate their claims in this case, the only available forum under the circumstances of this case.[2]

Preliminary writ in mandamus is therefore made absolute and respondent judge is ordered to grant relators' motions to intervene.

SNYDER and GAERTNER, JJ., concur.

---

**2.** We do not decide that contract claims on a single project are barred absent intervention. Questions of separate contract suits where the claimant is not informed of the lien suit or where the lien suit has terminated before the contract suit is filed or where the property owner does not seek dismissal of the contract suit are not raised in this writ proceeding.