STATE of Missouri, ex rel. KIRKWOOD
EXCAVATING, INC. and C.L.M.
Contracting, Inc., Relators,

v.

Hon. Harry J. STUSSIE, Circuit Judge
of St. Louis County, Missouri,
Respondent.

No. 49605.

Missouri Court of Appeals,
Eastern District,
Division Four.

April 9, 1985.

David M. Korum, Kirkwood, for relators.

Morton R. Newman, Mayer S. Klein,
Clayton, for respondent.

SNYDER, Judge.

Relators filed their petition for a writ of
prohibition or in the alternative a writ of
mandamus, seeking to prohibit the respon-
dent judge from dismissing their contract
petition (Kirkwood Excavating, Inc. and
C.L.M. Contracting, Inc., joint venturers,
vs. Carafiol's Properties Company, Cause
No. 477108) and from denying their motion
to consolidate their contract action into a
pending mechanic's lien action (Krupp Con-
struction Company, Inc. vs. Carafiol's Prop-
erties Company, et al., Cause No. 440675).

This court issued its preliminary writ of
mandamus in which it ordered the respon-
dent judge to refrain from all action on
both the relators' contract suit and the
mechanic's lien suit. The preliminary writ
further ordered a stay of any orders en-
tered by respondent on relators' motion to
consolidate and the motion to dismiss of
the defendant in the underlying contract
suit.

The parties briefed the issues, the court
heard oral argument, and now makes its
preliminary writ absolute by ordering the
respondent judge to set aside his order of
January 18, 1985, in which he granted the
defendants' motion to dismiss the relators'
underlying contract action and dismissed
the cause of action with prejudice, at the
same time denying relators' motion to con-
solidate their contract action with the me-

chanic's lien action; respondent judge is further ordered to deny the defendants' motion to dismiss in the underlying contract action, to grant relators' motion to consolidate and to permit relators to prosecute their cause of action on the contract.

The genesis of this litigation was a petition filed by Krupp Construction Company, Inc., as plaintiff, to enforce a mechanic's lien against Aaron and Joseph Carafiol, a partnership, doing business as Carafiol Properties Company. Various other defendants were joined in the action. Penrod, Inc. filed a separate mechanic's lien suit against Carafiol and the Penrod suit was consolidated into the Krupp lien suit.

The Krupp suit was filed on June 30, 1980, the consolidation of the Penrod suit with the Krupp suit took place on April 24, 1981. As is usual in mechanic's lien actions, the parties filed many pleadings and engaged in various forms of discovery. One of the defendants, Swan Construction Company, Inc., on July 9, 1982 filed its first amended cross-claim in five counts against Carafiol.

There were negotiations and settlements during the course of which the relators on July 30, 1982 filed a suit for breach of contract and damages of $51,405.49, arising out of their performance of excavation work.

By September 27, 1982, cross-claimant Swan Construction Company, Inc. was the only party left with a claim against Carafiol in the Krupp lien suit, both Krupp and Penrod having dismissed their petitions and Swan having dismissed Counts I, II and III of its cross-claim, leaving Counts IV and V still to be litigated. Swan and Carafiol passed the cause for settlement on the remaining Counts IV and V on December 31, 1982. No further activity occurred until August 27, 1984.

Carafiol filed its motion to dismiss relators' contract suit on or about July 3, 1984 and then on August 27, 1984 relators filed their motion to consolidate their contract suit into the Krupp mechanic's lien suit. Relators filed a duplicate of the motion to consolidate in their contract suit.

Swan and Carafiol, on December 14, 1984, filed their memorandum of dismissal with prejudice of Counts IV and V of Swan's cross-claim in the lien suit. Their memorandum was signed by Judge Ninian M. Edwards.

The respondent judge said he would grant the motion to dismiss the contract suit, apparently because he considered the lien suit closed, and deny the motion to consolidate of relators, on January 15, 1985 unless he were prohibited by a higher court order. Respondent did in fact sign an order on January 18, 1985, granting the motion to dismiss and denying the motion to consolidate, this court's preliminary writ not having been issued until the same day, January 18, 1985.

Relators seek prohibition or mandamus. No issue has been raised concerning the propriety of the remedy sought by relators. This court will treat the action as one for mandamus and finds that the remedy is applicable to the facts and the procedural posture of the causes of action.

This court approved mandamus in *State ex. rel. Power Process v. Dalton,* 681 S.W.2d 514, 516[1] (Mo.App.1984). The relators in *Power Process* sought mandamus to enforce their right to intervene rather than to enforce a motion to consolidate. The facts in *Power Process* are almost on all fours with the facts in the case under review, except that here the relators are attempting to enforce a motion to consolidate rather than a motion to intervene. The result of granting either motion would be the same.

There is no rule allowing consolidation as a matter of right as there is allowing intervention as a matter of right, Rule 52.12(a). Relators' request is in fact a request to intervene in the Carafiol suit just as the relators in *Power Process* sought intervention, even though one of them had filed a separate suit on contract in the same circuit court.

This court is mindful of the case of *State ex rel. Morasch v. Kimberlin,* 654 S.W.2d 889 (Mo. banc 1983), in which the supreme

court held that the lower court should not continue the unfettered use of the writ of prohibition to allow interlocutory review of trial court error. The holding in *Morasch*, however, has been modified in *State ex rel. Richardson v. Randall*, 660 S.W.2d 699, 701 (Mo. banc 1983). The court further limited the effect of the the *Morasch* ruling in *State ex rel. General Electric Co. v. Gaertner*, 666 S.W.2d 764 (Mo. banc 1984). See Judge Blackmar's concurrence.

Here we are concerned with mandamus, and although relators did not file a motion to intervene, the practical effect of their motion to consolidate is an intervention just as it was in *Power Process*. See that case for additional citations on mandamus.

■ In the case under review, absolute, irreparable harm may come to relators if relief by way of an extraordinary remedy is not available to them. They are entitled to intervention and mandamus will lie to provide a remedy for the wrong they may suffer.

Relators in *State ex rel. Power Process* were corporations which had filed suits against certain defendants, one relator in the Circuit Court of the City of St. Louis and the other in St. Charles County. Their motions to intervene in a mechanic's lien suit which arose out of the same construction project were denied by the court.

Similarly, relators here have filed a breach of contract suit in St. Louis County which arises out of the same construction project as does the Krupp lien action against Carafiol. The cases are similar in every respect and the only reason which might be advanced, and which has been advanced, for not granting relators' motion and for not making this court's preliminary writ absolute is the fact that the Krupp lien suit in the case under review had been passed for settlement before relators' motion to consolidate was filed.

A stipulation for dismissal of the last two counts of the Swan cross-claim was filed with the court but at the time it was filed the relators' motion to consolidate had already been filed and was still open. It had

not been ruled upon. The cause was still pending for purposes of the motion.

The supreme court has ruled that equitable mechanic's lien suits once filed are the exclusive remedy in all disputes, whether based on contract only or on a lien claim, when the disputes are between parties involved in the same construction project from which the mechanic's lien suit arises. *State ex rel. Clayton Green's Nursing Center, Inc. v. Marsh*, 634 S.W.2d 462, 465 (Mo. banc 1982).

■ A breach of contract suit arising out of a construction project cannot be maintained and the proceedings must be stayed if an equitable mechanic's lien action has been filed relating to the same project. This holds true whether the breach of contract action was filed before or after the mechanic's lien suit was filed. *State ex rel. Clayton Green's Nursing Center, Inc. v. Marsh*.

Unless the preliminary writ of mandamus is made absolute here, relators will be left without a remedy. They would be prohibited from ever litigating their cause of action. Such a result would be inequitable and should not be permitted. In the *Clayton Green's v. Marsh* case the supreme court has interpreted the mechanics' lien statute, § 429.300 RSMo. 1978, to mean that a contractor or supplier on a construction project cannot recover in a breach of contract suit if a mechanic's lien suit is filed by a different entity which did work on the same job, unless the breach of contract suit is joined with the mechanic's lien suit.

■ The Krupp lien suit file was still open in the court when relators' motion was filed, even though it had been passed for settlement. This court holds that it was open for purposes of consolidation or intervention until actually dismissed by the court, an action which had not been taken at the time relators sought to join in the mechanic's lien action.

Respondent relies on *Fair Mercantile Company v. Union-May-Stern Co.*, 359 Mo. 385, 221 S.W.2d 751 (1949), but that

case is distinguishable. In *Fair Mercantile* the cause was passed for settlement after the plaintiffs had testified in open court that they had reached an agreement in which "defendant would pay plaintiff $2,500.00 in full settlement and pay all costs and that plaintiff would execute a release to defendant its officers and directors." *Fair Mercantile* 221 S.W.2d at page 753.

Plaintiff then refused to execute a release when the defendant tendered its check for $2,500. The trial court ruled that the cause of action should be dismissed and ordered the plaintiff to comply with the terms of the compromise which had been made in open court.

*Fair Mercantile* concerns the enforcement of a settlement agreement made in open court between the two parties to the lawsuit. The court's ruling was not the same as saying that a case is closed to third parties who are entitled to join in the action after it has been passed for settlement, but not finally dismissed.

The preliminary writ is made absolute. Respondent is ordered to set aside his orders of January 18, 1985 granting Carafiols' motion to dismiss and denying relators' motion to consolidate; respondent is further ordered to grant relators' motion to consolidate and to allow them to prosecute their contract action in the Krupp lien suit.

GAERTNER, P.J., concurs.

SMITH, J., concurs in separate concurring opinion.

SMITH, Judge, concurring.

I concur in the majority opinion upholding the right of relators to consolidate their contract action into the settled but as yet non-dismissed equitable mechanic's lien action.

This concurring opinion is filed to point out that our intervention by mandamus is necessary because of a disturbing trend in the Missouri case law which appears to allow the destruction of a legitimate contract claim without notice or due process.

This trend apparently started with *Richards Brick Co. v. Wright*, 231 Mo.App. 946, 82 S.W.2d 274 (1935). In that case an equitable mechanic's lien proceeding had been filed pursuant to the predecessor of Sec. 429.270, RSMo 1978, by Boeckler Lumber Company. Richards Brick Co. was a named party to that suit. Following filing of the Boeckler suit, but prior to service of Richards, that company filed a mechanic's lien suit involving the same property as the Boeckler suit. The appellate court held that pursuant to now Sec. 429.300 the institution of the Boeckler suit precluded the filing thereafter of Richards' suit. The court pointed out that the legislature made provision for the equitable proceeding to allow adjudication in one suit of two or more mechanic's liens sought to be enforced against the same property. The main issue decided in the case was whether the Boeckler' suit was commenced prior to the Richards' suit in view of the failure of process to issue before the Richards' suit was filed. In holding that filing of the Boeckler's suit "commenced" the action the court makes the interesting comment that if summons was not issued to Richards it was Richards' duty as a named party to enter its appearance and plead within the statutory ninety day period. This comment was obviously limited to Richards as a lien claimant and was in recognition of constructive knowledge requirements imposed on parties whose claims arise from recorded notices.

In *State ex rel. Great Lakes Steel Corp. v. Sartorius*, 249 S.W.2d 853 (Mo. banc 1952) the exclusivity of the equitable mechanic's lien proceeding was extended to a party named in the equitable suit who thereafter filed a non-lien contract action arising from the same transactions. The court, relying upon *Richards Brick Co. v. Wright, supra,* and *Imse-Schilling Sash & Door Co. v. Kellems*, 237 Mo.App. 960, 179 S.W.2d 910 (1944), imposed upon potential lien claimants the obligation to learn of the equitable suit and enter an appearance even if not served with process. This obligation was further extended to a non-party to the equitable suit, but that party was an

officer of a lien claimant and apparently was viewed as having constructive knowledge of the equitable action.

In the *Imse-Schilling* case, relied upon in *Great Lakes Steel,* the court, in dealing with due process requirements upheld constructive notice to lien claimants because they could utilize the equitable remedy in the enforcement of *their own liens. Great Lakes Steel* did not limit its holding of constructive notice to those parties who had filed liens against the property.

In *State ex rel. Clayton Greens Nursing Center, Inc. v. Marsh,* 634 S.W.2d 462 (Mo. banc 1982) the court held that a contract action filed prior to the equitable lien action must be stayed pursuant to Sec. 429.300. There the plaintiff in the contract action was a named defendant in the equitable lien action. The dissent therein questioned the basic concept that the exclusivity of the equitable lien action applied at all to a claimant who sought only damages at law for breach of contract. Such a question is supported by the original analysis found in *Richards Brick Co. v. Wright, supra,* which impliedly at least recognized that imposition of liens against real estate involves questions of priority and possibilities of total liens exceeding the value of the real estate. There is a basis for assuring that interests against the same real estate be adjudicated in one action thereby avoiding inconsistent judgments or promoting a race to foreclose. It is difficult for me to see a comparable value in forcing claimants who assert no claim to an interest in the real estate into the law suit.

That aside, the cases heretofore discussed all involved claimants who had filed notices of lien prior to the institution of the equitable lien suit and who were named parties in that suit. The broad language used, however, did not limit the applicability of the exclusivity statute to those situations. As a result in *State ex rel. Power Process Piping, Inc. v. Dalton,* 681 S.W.2d 514 (Mo.App.1984) we applied the exclusivity doctrine to a contract claim by a non-lien claimant who was not a named party in the equitable proceeding. In upholding the

right of that claimant to intervene we stated "The Kolb lien suit *is the only forum in which they are entitled to litigate their claims.* Absent express statutory language abrogating the contractual claims of relators against the property owners, relators as separate prime contractors are entitled to intervene and litigate their claims in this case, *the only available forum under the circumstances of this case."* (Emphasis supplied) By footnote we did state we were not deciding whether a separate contract suit was barred where the claimant was not informed of the lien suit or where it had been terminated before the contract suit was filed or where the property owner does not seek dismissal of the contract suit.

It is by no means clear to me that in the present posture of the Missouri law a claimant in a contract action or with a non-filed contract claim is protected from the bar of an equitable lien judgment because of lack of notice. The language of the cases seems to imply an affirmative duty of such claimant to determine the existence of such actions. *Great Lakes Steel, supra.* Although Sec. 429.190 would appear to limit the effect of a judgment in the equitable action to those who have been made parties, the cases do not appear to so limit the impact. *Great Lakes Steel, supra; Power Process Piping, Inc., supra.* Once it is decided that the equitable lien statute applies equally to lien and non-lien claimants it becomes unclear whether the affirmative duty requirements of *Great Lakes Steel* and *Imse-Schilling* apply equally to both types of claimants.

Minimal due process should require that before the equitable lien suit can serve as a bar to a non-lien claimant, he should be joined as a party and notified of the existence of the suit and its impact on him. *Griffin v. Griffin,* 327 U.S. 220, 66 S.Ct. 556, 90 L.Ed. 635 (1946); *Milliken v. Meyer,* 311 U.S. 457, 61 S.Ct. 339, 85 L.Ed. 278 (1940); *Mullane v. Central Hanover Bank & Trust Co.,* 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865 (1950). The burden of such joinder should be upon the property owner or other party which reaps the benefit of the

bar from the equitable lien judgment. It is one thing to place upon a claimant who seeks to impress a lien upon real estate, and who must record such intention as a public record, the affirmative duty to consult the public records to implement his lien lest he lose it. It is quite another to place such a duty upon a claimant who seeks only a common law damage award against the other party to his contract, who may in fact have no interest in the real estate. In the lien action the time constraints and precise venue of the lien action do not make such duty unduly burdensome. But the common law contract action is not burdened by such limited time constraints or venue. And in fact the common law claimant, including a geographically removed supplier, may not even be aware that the material or labor he supplied was utilized in the project which is subject to the equitable lien proceeding. It is not difficult to construct a chamber of horrors under a constructive notice format.

Here Carafiol did not, as far as the record reflects, make any attempt to notify relators of the pending equitable action until that suit had reached a point where Carafiol believed it was no longer pending and constituted a bar. That it was mistaken, as this court now holds, has saved the relators. Whether dismissal of the equitable lien suit prior to relators' attempt to consolidate or intervene would have invoked the exclusivity bar is not clear under the law. In that posture our writ becomes a necessity to protect the relators' rights. I therefore concur.