**DRYWALL INTERIOR SYSTEMS CON-
STRUCTION, INC., a Missouri Cor-
poration, Appellant,**

v.

**LADUE BUILDING & ENGINEERING
CORPORATION, a Missouri
Corporation, Respondent.**

No. 62978.

Missouri Court of Appeals,
Eastern District,
Division Seven.

July 13, 1993.

Warren W. Friedman, St. Louis, for appellant.

Suelthaus & Kaplan, P.C., Gino F. Battisti, St. Louis, for respondent.

KAROHL, Chief Judge.

Drywall Interior Systems Construction, Inc. [DISC] filed a petition against Ladue Building and Engineering Corporation [LBE] for breach of contract. The trial court sustained LBE's motion to dismiss, treating it as a motion for summary judgment. DISC was aware of an equitable mechanic's lien action filed pursuant to Sections 429.290 and 429.300 RSMo 1986 involving the real estate which was the subject of its contract, but failed to intervene. The conclusion of the equitable mechanic's lien suit bars a separate lawsuit. We affirm.

On July 25, 1989, DISC entered into a subcontract with LBE, who was acting as general contractor for a construction project for All American Indoor Sports, Inc. [All American]. DISC and LBE entered into a second subcontract on December 4, 1989. DISC filed a petition against LBE on April 10, 1992, alleging that LBE had breached the two subcontracts.

On June 23, 1992, LBE filed a motion to dismiss DISC's petition. LBE based its motion on the following: on March 23, 1990, All American and Lindbergh Mall Limited Partnership sued LBE and others for breach of contract; sixteen subcontractors, not including DISC, joined the lawsuit, having filed separate mechanic's liens and petitions to enforce those liens; LBE filed a counterclaim to the petition and cross-claims against all subcontractors; DISC had *actual knowledge* of the lawsuit;

and DISC's failure to intervene and assert its claims against LBE in that litigation acted as a bar to its breach of contract action against LBE. DISC filed an affidavit of its president, Jay Clifton, in which he admitted he had actual knowledge of the equitable mechanic's lien action between All American, Lindbergh Mall Limited Partnership, LBE and others.

On July 2, 1992, DISC filed a motion to consolidate, or in the alternative, a motion to intervene in the equitable mechanic's lien action. All American, Lindbergh Mall Limited Partnership and LBE had dismissed their claims against each other on February 24, 1992. On September 16, 1992, the trial court denied DISC's motion to consolidate and sustained LBE's motion to dismiss, treating it as a motion for summary judgment.

In the first point on appeal, DISC contends the trial court erred in granting LBE's motion to dismiss. DISC argues it is a denial of due process to preclude a non-lien claimant from bringing an action for breach of contract against a party who does not own the property that is subject to mechanic's liens, where the breach of contract claim and the liens involve the same construction project. DISC argues this is a denial of due process if the non-lien claimant is not joined in an equitable mechanic's lien lawsuit and is not given notice of the impact or consequences of failing to intervene in that lawsuit.

A breach of contract suit arising out of a construction project cannot be maintained and the proceedings must be stayed if an equitable mechanic's lien action has been filed relating to the same project. This is true whether the breach of contract action was filed before or after the mechanic's lien suit was filed. *State ex rel. Kirkwood Excavating Inc. Stussie*, 689 S.W.2d 131, 133 (Mo.App. 1985), *citing State ex rel. Clayton Green's Nursing Center, Inc. v. Marsh*, 634 S.W.2d 462 (Mo. banc 1982).

In the *Clayton Green's v. Marsh* case the supreme court has interpreted the mechanics' lien statute, Section 429.300 RSMo 1978, to mean that a contractor or supplier on a construction project cannot recover in a breach of contract suit if a mechanic's lien suit is filed by a different entity which did work on the same job, unless the breach of contract suit is joined with the mechanic's lien suit. *State ex rel. Kirkwood Excavating*, 689 S.W.2d at 133.

■ A lawsuit involving a mechanic's lien is open for purposes of consolidation or intervention until the court actually dismisses the lawsuit. *Id.*

■ On February 24, 1992, All American and LBE dismissed their claims against each other.[1] Thus, under *State ex rel. Kirkwood Excavating*, the lawsuit was not open for any purpose, including consolidation. On July 2, 1992, when DISC made its motion to consolidate, it was not possible for DISC to join a lawsuit that was no longer pending. Therefore, DISC's motion to consolidate could not be granted. The trial court had no choice; it had to grant LBE's motion to dismiss.

We do not decide whether it is a denial of due process where a non-lien claimant is not joined in an equitable mechanic's lien action and is not given notice of the consequences of failing to intervene in such an action. DISC was not joined in the original equitable mechanic's lien action. However, DISC concedes that, through its president, Jay Clifton, it had actual knowledge of the action. Therefore, in this case, notice is not an issue.

Judge Smith's concurrence in *State ex rel. Kirkwood Excavating* addresses the same due process concerns that DISC raises in this appeal. Presently, the legislature has not spoken on the notice requirements, if any, of an equitable action under §§ 429.290 and 429.300. We note the due process question remains unanswered, but we defer to the legislature to provide an answer or until a non-notice case appears.

---

**1.** The trial court proceeded on the basis that the original equitable mechanic's lien action was closed on February 24, 1992. Because the record does not indicate otherwise, we have proceeded on the same basis.

In the second point on appeal, DISC asks this court to direct the trial court to allow DISC to amend its petition to substitute claims of misrepresentation and detrimental reliance for the barred contract claim. DISC did not raise this issue at trial.

An appellate court may not address issues not raised at trial. *Miller v. Pool and Canfield, Inc.*, 800 S.W.2d 120, 124 (Mo. App.1990). Thus, this court may not review it now.

Judgment affirmed.

PUDLOWSKI and CRANDALL, JJ., concur.